497 A.2d 1332

**Paul J. ZANINE and Nancy Zanine, his wife, Appellants,**

**v.**

**Robert A. GALLAGHER, Jr., Alexander J. Stockard, Scott A. Herrick, Hamilton Stockard, Candy Walters, Joseph Glennon and Henry Walters.**

Superior Court of Pennsylvania.

Argued March 11, 1985.

Filed July 26, 1985.

Reargument Denied Oct. 7, 1985.

Alexander A. DiSanti, Media, for appellants.

James P. Gannon, Media, for appellees.

Before MONTEMURO, ROBERTS and BLOOM, JJ.*

ROBERTS, Judge:

Appellant Paul Zanine and his wife, Nancy,[1] sued appellee Robert Gallagher[2] for injuries allegedly caused by appellee's negligence in inducing appellant, a police officer, to engage in a high speed automobile chase. A jury found appellant to have been 51% negligent and appellee to have been 49% negligent, and judgment was consequently entered in favor of appellee. See 42 Pa.C.S. § 7102(a). Appellants now challenge the trial court's denial of their motions for judgment notwithstanding the verdict and for a new trial. Because we believe appellants have neither alleged nor proven sufficient facts to establish a cause of action against appellee for negligence, we affirm.

* Judge Louis A. Bloom, Senior Judge of the Court of Common Pleas of Delaware County, Pennsylvania, is sitting by designation.

1. Nancy Zanine's claim in this case is confined to loss of services and loss of consortium; she was not involved in the events leading to her husband's injury. In light of our disposition, "appellant" here refers solely to Paul Zanine.

2. Alexander J. Stockard, Scott A. Herrick, Hamilton Stockard, Candy Walters, Joseph Glennon, and Henry Walters, who were passengers in Robert Gallagher's car during the chase that led to appellant's injury, were also defendants in the present action. Since they have not filed appellate briefs with this court or otherwise participated in the present appeal, our discussion will proceed as though Robert Gallagher had been the only defendant.

On December 18, 1977, appellant was assigned to patrol the Brookline-Oakmont section of Haverford from midnight until 8 a.m. Before beginning his shift, he was advised of a recent increase in car thefts and thefts of parts from parked cars in this section of Haverford.

Around 2 a.m., while driving east on Eagle Road in the business district of Oakmont, appellant saw a number of youths, including appellee, standing behind a parked car. On seeing appellant's squad car, the youths jumped into the parked car and sped away through a red light, with appellee at the wheel. Believing that the youths had committed a crime, appellant radioed the police station of this series of events, turned on his emergency lights and siren, and pursued appellee onto Darby Road.

The chase proceeded on Darby Road, a two-lane highway with many sharp curves and blind turns, at speeds of about 80 miles per hour, until appellee lost control of his car and crashed into an embankment. Appellant managed to stop his vehicle about 6 feet from appellee's car. No one was seriously injured.

Shortly after the crash, other police cars arrived on the scene in response to appellant's radio message and helped appellant take appellee and his passengers to the nearby Haverford police station. About 10 minutes after arriving at the station, appellant began experiencing severe chest pains and nausea, which were later diagnosed as symptoms of an acute heart attack. Appellants brought the present action to recover damages resulting from the heart attack, which they allege was caused by appellee's negligence in fleeing appellant.

Two grounds for relief are asserted on this appeal. First, appellants contend that they were entitled to judgment notwithstanding the verdict because the evidence presented at trial failed to establish that Paul Zanine was contributorily negligent. Alternatively, appellants argue that they are entitled to a new trial because the court erred in refusing to instruct the jury that a party may be found contributorily negligent only as to risks he could reasonably foresee incurring as a consequence of his actions. Since

appellant did not suspect that he might have heart trouble, appellants insist that he could not have reasonably foreseen the kind of injury he suffered, and therefore cannot be considered contributorily negligent. We believe the trial court correctly refused to grant relief, not because appellant was contributorily negligent, but because the evidence presented by appellants does not establish actionable negligence on the part of appellee as a matter of Pennsylvania law.

Appellee's conduct may have been "negligent", in the sense that it displayed carelessness, recklessness, or inadvertence, but proof of such conduct does not suffice to establish a cause of action in negligence. Three elements must be proven to establish such a cause of action: a duty of care on the part of the alleged tortfeasor in regard to the plaintiff; a breach of that duty; and a showing that the plaintiff's injuries were proximately caused by the breach. See *Leoni v. Reinhard,* 327 Pa. 391, 393, 194 A. 490, 491 (1937). Since our courts have emphasized that there can be no negligence where there is no duty of care, see, e.g., *Boyce v. United States Steel Corp.,* 446 Pa. 226, 230, 285 A.2d 459, 461 (1971), it behooves us to consider how the existence of such a duty may be established.

"Duty, in any given situation, is predicated on the relationship existing between the parties at the relevant time ...." *Morena v. South Hills Health System,* 501 Pa. 634, 642, 462 A.2d 680, 684 (1983). Where, as here, the parties are strangers to each other, such a relationship may be inferred from the general duty imposed on all persons not to place others at risk of harm through their actions. See *Gerdes v. Booth & Flinn, Ltd.,* 300 Pa. 586, 591, 150 A. 483, 485 (1930). The scope of this duty, however, is limited to those risks that are reasonably foreseeable by the actor in the circumstances of the case. See *Paulscak v. Hoebler,* 330 Pa. 184, 190–92, 198 A. 646, 650 (1938) (citing cases); Restatement (Second) of Torts § 284(a) (1965).

By speeding away from appellant's squad car, appellee undeniably created a variety of risks to appellant and to

others. The law clearly states, however, that appellee may be held liable only for those risks a person in his position could reasonably have foreseen. We do not believe that the risk that appellant would have a heart attack due to the stress of chasing appellee was such a risk. See W. Prosser, Law of Torts 146–47 (4th ed. 1971) (characterizing the risk that a driver might have a heart attack while at the wheel as one that would not reasonably be anticipated). Consequently, we find that appellee owed appellant no duty of care in the circumstances of this case.

We do not believe that *Niederman v. Brodsky*, 436 Pa. 401, 261 A.2d 84 (1970) requires us to find a cause of action on the present facts. In cutting the impact rule away from the body of Pennsylvania jurisprudence, the *Niederman* court was modifying the law of negligence with regard to proximate cause, not with regard to the duty of care. See *Niederman*, 436 Pa. at 403–05, 261 A.2d at 84–85. *Niederman*, therefore, does not affect our holding here.

Given our determination that appellee owed no duty to appellant, we need not address appellants' claims concerning contributory negligence. See, e.g., *Gilbert v. Korvette's, Inc.*, 457 Pa. 602, 604 n. 5, 327 A.2d 94, 96 n. 5 (1974) (appellate court may affirm on any proper ground).

Order affirmed.