535 A.2d 1095

ALUMNI ASSOCIATION, DELTA ZETA ZETA OF LAMBDA CHI ALPHA FRATERNITY

v.

Van Kingsley SULLIVAN and Ronald C. Unterberger

v.

KAPPA CHAPTER OF SIGMA CHI FRATERNITY Sigma Chi Fraternity and Bucknell University.

Appeal of Ronald C. UNTERBERGER.

Superior Court of Pennsylvania.

Argued Sept. 23, 1987.

Filed Dec. 29, 1987.

598

F. Lee Shipman, Harrisburg, for appellant.

Jonathan E. Butterfield, Williamsport, for KAPPA Chapter, appellee.

Robert J. Menapace, Sunbury, for SIGMA CHI fraternity, appellee.

David R. Bahl, Williamsport, for Bucknell, appellee.

Before CAVANAUGH, BROSKY and WATKINS, JJ.

BROSKY, Judge:

This is an appeal from an order sustaining the preliminary objections, in the nature of a demurrer, of three additional defendants (herein appellees) to the joinder complaint filed by the original defendant (herein appellant), without leave to amend. Appellant now contends that the joinder complaint stated a viable cause of action as to all three appellees, and should not have been dismissed.

Upon review of the record and the briefs of counsel, we affirm the trial court's dismissal of appellees Sigma Chi Fraternity ("Sigma Chi") and Bucknell University ("Bucknell"), but reverse and reinstate the joinder complaint against appellee Kappa Chapter of Sigma Chi Fraternity ("Kappa Chapter").

This matter arises from a fire which occurred in the early morning hours of December 8, 1983, and which severely damaged the Lambda Chi Alpha fraternity house, located on the campus of appellee Bucknell University. Appellant, Ronald C. Unterberger, a then eighteen year old freshman at Bucknell, had attended two campus parties on the evening of December 7, at, respectively, the Trax Hall freshmen dormitory and the Kappa Chapter fraternity house. Appellant had consumed alcoholic beverages at both parties,

despite his status as a minor, and had become visibly intoxicated. As a result, appellant and another student, Van Kingsley Sullivan, accidentally set, and were unable to put out, a fire at the nearby Lambda Chi Alpha house.

On August 16, 1985, a civil complaint was filed by the Alumni Association, Delta Zeta Zeta of Lambda Chi Alpha Fraternity, against appellant and Sullivan, claiming over four hundred thousand dollars ($400,000.00) in property damage as a result of their negligence in setting the December 8 fire. On October 18, 1985, appellant had writs of summons issued to join, as additional defendants, Kappa Chapter, Sigma Chi, and Bucknell. A joinder complaint followed on November 8, 1985. Appellant's complaint alleged that: (1) Kappa Chapter, in furnishing alcoholic beverages to appellant, had created a known foreseeable risk, in that minors are presumed incompetent to handle the effects of alcohol, and was therefore liable for the fire damage negligently caused by appellant while in an intoxicated state; (2) Sigma Chi, as owner of the Kappa Chapter house, had or should have known that alcoholic beverages were being served to minors at Kappa Chapter's fraternity parties, yet had permitted the practice to continue unabated, and was therefore liable for the fire damage caused by appellant; and (3) Bucknell, through its counselors, agents, and employees, had or should have known that alcoholic beverages were being served to minors at private dormitory parties, yet had permitted the practice to continue unabated, and was therefore liable for the fire damage caused by appellant. The trial court sustained demurrers as to all three additional defendants, and dismissed Unterberger's complaint with prejudice. This timely appeal followed.

In determining whether the factual averments of a complaint are sufficient to state a cause of action, all doubts must be resolved in favor of the sufficiency of the complaint. *Slaybaugh v. Newman*, 330 Pa.Super. 216, 479 A.2d 517, 519 (1984). A demurrer will be sustained only where the complaint demonstrates with certainty that under the

facts averred within, the law will not permit a recovery. *Id.;* see also *Cianfrani v. Commonwealth, State Employees' Retirement Board,* 505 Pa. 294, 479 A.2d 468, 469 (1984). If any theory of law will support the claim raised by the complaint, dismissal is improper. *Slaybaugh,* supra; *Cianfrani,* supra.

The basic elements of a cause of action founded on negligence are: (1) a duty on the part of the defendant to conform to a certain standard of conduct with respect to the plaintiff; (2) a breach of that duty by the defendant; (3) a reasonably close causal connection between the conduct of the defendant and the resulting injury to the plaintiff; and (4) actual loss or damage to the plaintiff's interests. *Casey v. Geiger,* 346 Pa.Super. 279, 499 A.2d 606, 612 (1985); *Cummins v. Firestone Tire and Rubber Co.,* 344 Pa.Super. 9, 495 A.2d 963, 967 (1985); Prosser, Law of Torts, § 30 at 143 (4th Ed. 1971).

Duty, in any given situation, is predicated upon the relationship existing between the parties at the relevant time. *Zanine v. Gallagher,* 345 Pa.Super. 119, 497 A.2d 1332, 1334 (1985). Where the parties are strangers to each other, such a relationship may be inferred from the general duty imposed on all persons not to place others at risk of harm through their actions. *Id.* The scope of this duty is limited, however, to those risks which are reasonably foreseeable by the actor in the circumstances of the case. *Id.*

Only when the question of foreseeability is undeniably clear may a court rule as a matter of law that a particular defendant did not have a duty to a particular plaintiff. *Migyanko v. Thistlewaite,* 275 Pa.Super. 500, 419 A.2d 12, 14 (1980); also see *Palsgraf v. Long Island Railroad Co.,* 248 N.Y. 339, 162 N.E. 99, 100 (1928). Moreover, the question of foreseeability is not to be confused with the question of legal or proximate causation. *Little v. York County Earned Income Tax Bureau,* 333 Pa.Super. 8, 16,

481 A.2d 1194, 1197 (1984). Even where harm to a particular plaintiff may be reasonably foreseeable from the defendant's conduct, and that conduct is the cause-in-fact of the plaintiff's harm, the law makes a determination that, at some point along the causal chain, liability will be limited. The term "proximate cause", or "legal cause" is applied by courts to those considerations which limit liability, even where the fact of causation can be demonstrated. Because of convenience, public policy, or a rough sense of justice, the law arbitrarily declines to trace a series of events beyond a certain point, as no longer a "proximate" or "legal" consequence naturally flowing from the wrongdoer's misconduct. See *Mazzagatti v. Everingham by Everingham*, 512 Pa. 266, 274, 516 A.2d 672, 676 (1986); see also *Palsgraf*, supra, 162 N.E. at p. 103. To put it simply, at a certain point, negligent conduct will be viewed as too remote from the harm arising to the plaintiff, and thus not a substantial factor in bringing about the plaintiff's harm.

■ Clearly, reasonable minds will often differ as to where to draw a cut-off line. Thus, whether in a particular case the plaintiff has demonstrated, by a preponderance of the evidence, that the defendant's negligent conduct was a substantial factor in bringing about the plaintiff's harm, is normally a question of fact reserved for the jury, and should only be removed from the jury's consideration where it is clear, as a matter of law, that reasonable minds could not differ on the issue. *Little*, supra, 333 Pa.Superior Ct. at 17, 481 A.2d at p. 1198.

Applying these basic principles to the matter *sub judice*, the trial court held that: (1) Sigma Chi and Bucknell could not be held liable in the absence of allegations that they had acted as social hosts, in actually furnishing or serving alcoholic beverages to minors; and (2) Kappa Chapter, while alleged to have acted as a social host, had no duty to protect the neighboring Lambda Chi Alpha house from an unforeseeable risk, i.e. the negligent setting of a fire by an

intoxicated minor, and, even in the presence of a duty, had not proximately caused, by furnishing alcohol to Unterberger, the setting of the fire. We are in accord with the trial court's resolution in (1), but reject its analysis in (2).

As all parties have agreed, the controlling case in this matter is the Supreme Court's decision in *Congini by Congini v. Portersville Valve Co.*, 504 Pa. 157, 470 A.2d 515 (1983). Prior to the *Congini* decision, only licensed dispensers of alcohol could be civilly liable for furnishing alcoholic beverages to minors. See 47 P.S. § 4–493(1). In *Congini,* the Supreme Court extended the scope of liability to include social hosts, who knowingly serve or furnish alcoholic beverages to a minor. As minors are deemed legally incompetent to handle the effects of alcohol,[1] a social host is now negligent per se when knowingly furnishing or serving alcoholic beverages to a minor, and may be held civilly liable for harm proximately resulting from the minor's intoxication. *Congini,* supra, 504 Pa. at p. 161, 470 A.2d at 517, 518.

Sigma Chi and Bucknell contend, and the trial court agreed, that *Congini* articulated a narrow exception only to the general rule against social host liability, and only intended to extend liability to those persons who knowingly *serve or furnish* alcohol to minors, thereby breaching the general duty imposed on all persons not to place others at a foreseeable risk of harm. In support of their position, both have cited *McCrery v. Scioli,* 336 Pa.Super. 455, 485 A.2d 1170 (1984), a post-*Congini* decision in which our Court refused to extend vicarious civil liability, under the Liquor Code, to a landlord of a corporate liquor licensee. While appellees concede that *McCrery* is arguably distinguishable in that liability was predicated upon a violation of the Liquor Code, as opposed to the Crimes Code, both maintain that the two decisions, read in conjunction, indicate that liability under either Code was intended to be predicated

1. See 18 Pa.C.S. § 6308.

upon the actual furnishing of alcohol by the party sought to be held liable. We agree.

The *Congini* decision contains the following language pertaining to what conduct forms the basis of a cause of action for social host liability:

> Under our analysis, an actor's negligence exists *in furnishing intoxicants* to a class of persons legislatively determined to be incompetent to handle its effects. *It is the person's service which forms the basis of the cause of action,* not whether or not a putative plaintiff is entitled to recover ...

*Congini,* supra, 504 Pa. at p. 163, 470 A.2d at p. 518. (Emphasis supplied). Additionally, it is of note that the plaintiff in *Congini* also attempted to impose, under a theory of *landowner* liability, a duty upon the minor plaintiff's employer, Portersville Valve Co., to have prevented the furnishing of alcohol to the minor plaintiff. The *Congini* Court rejected this theory on the basis that Portersville, while potentially liable as the social host of the function in question, had not committed any affirmative or active negligence, and could not be held liable as a possessor of land in the absence of willful and wanton injury to the licensee-plaintiff. *Congini,* supra, 504 Pa. at p. 164, 470 A.2d at p. 519. This holding was reiterated by the *McCrery* court, with respect to a similar argument by plaintiff McCrery that the corporate owner of the restaurant at which he was served should be deemed vicariously liable for the actions of the restaurant's employees, who were not employees of the corporation itself:

> Furthermore, we note that *Congini,* supra, examined an argument similar to the one appellant raises herein, that defendants breached a duty as a landowner to the plaintiff, and found that a possessor of land is not liable to a licensee (minor) in the absence of willful and wanton injury. As in *Congini,* such willful and wanton injury was not pleaded by appellant herein.

*McCrery,* supra, 336 Pa.Superior Ct. at p. 467, n. 4, 485 A.2d at p. 1176, n. 4.

In the matter *sub judice,* appellant did not plead that either Sigma Chi or Bucknell furnished the alcohol in question or willfully and wantonly inflicted injury upon appellant. Appellant's sole allegation against these appellees is that they were aware, or should have been aware, that alcohol was being served to minors at fraternity and private dormitory parties, yet neglected to take action to stop the practice. Under the *Congini–McCrery* line, such allegations do not set forth a viable cause of action in this Commonwealth.[2] We therefore uphold the dismissal of appellant's complaint as to Sigma Chi and Bucknell.

A different scenario is presented by the allegations of negligence made with respect to appellee Kappa Chapter. It is not challenged by anyone that Kappa Chapter was the

2. Appellant has also argued for the extension of vicarious civil liability to Sigma Chi on an agency theory. Appellant contends that Kappa Chapter was the agent of Sigma Chi, and held the party in question to promote Sigma Chi, thereby permitting Sigma Chi to be held liable as the vicarious "server or furnisher" of the alcohol served to Unterberger by Kappa Chapter. We decline to reach the merits of appellant's agency theory.

While it is unnecessary to plead all the various details of an alleged agency relationship, a complainant must allege, as a minimum, facts which: (1) identify the agent by name or appropriate description; and (2) set forth the agent's authority, and how the tortious acts of the agent either fall within the scope of that authority, or, if unauthorized, were ratified by the principal. See P.L.E. Agency § 174. More importantly, an agent who is not a servant is not subject to any right of control by his principal over the details of his conduct, and the principal is not liable for harm caused by the agent's unauthorized negligent physical conduct. *Gajkowski v. Int'l Brotherhood of Teamsters,* 350 Pa.Super. 285, 302–303, 504 A.2d 840, 849 (1986); *Smalich v. Westfall,* 440 Pa. 409, 269 A.2d 476, 481 (1970); Restatement (Second), Agency § 250.

In the matter *sub judice,* appellant has only alleged that Kappa Chapter was Sigma Chi's agent, was promoting Sigma Chi, and was regularly serving alcohol to minors at fraternity parties, which was known by Sigma Chi. There are no allegations to the effect that Sigma Chi either authorized, or ratified by acquiescence, Kappa Chapter's serving of alcohol at the party in question, or retained any control over the physical activities of Kappa Chapter as Kappa Chapter's "master" or "employer". Hence, we deem the factual allegations of the complaint insufficient as a matter of law to place the issue of agency before this Court, and decline to resolve whether a national fraternal organization could ever be held liable for the service of alcohol to minors by its local chapter, on an agency theory.

social host of the function at which appellant was served alcohol. Rather, it is maintained by appellee that the trial court was correct in finding that appellee possessed no duty of care to the neighboring Lambda Chi Alpha house, and did not proximately cause the fire through its contribution to appellant's intoxication. We find error in this analysis.

Duty, as noted above, is predicated upon the ability of an actor to reasonably foresee the possibility of harm to others as a consequence of his conduct. *Zanine*, supra. Only where the unforeseeability of harm is clear, may a court find no duty as a matter of law. *Migyanko*, supra. Under the facts as pled, we cannot find that the harm to the Lambda Chi Alpha house was unforeseeable as a matter of law as a result of Unterberger's intoxication. The propensities of alcohol consumption to create aggressive, combative, and often reckless behavior in adults is legendary; surely, it cannot be averred that such behavior is any less likely to result from the consumption of alcohol by those deemed legally incompetent as a class to handle its effects. This Court perceives no meaningful distinction between the conclusion reached by *Congini* Court, i.e. that intoxicated minors are likely to operate motor vehicles while under the influence, creating a foreseeable risk of harm to life and property, and the likelihood that intoxicated minors will damage property through other means. While, as appellant himself concedes, the mechanism of harm more reasonably foreseen from the intoxication of minors might involve the breaking of windows, or destruction of contents, of a neighboring building, this does not preclude a finding that the fire was a reasonably foreseen consequence of appellant's intoxication. It is well settled that the peculiar way in which an injury may result is not material to a finding of foreseeability, provided there existed a foreseeable probability of injury to one within the ambit of danger. *Masciangelo v. Dolente*, 222 Pa.Super. 368, 295 A.2d 98, 99 (1972). Rather, the peculiar mechanism of harm to the Lambda Chi Alpha house, the negligent setting of a fire, would appear a

more relevant inquiry in regard to the issue of proximate causation.

The trial court held that, as a matter of law, appellee's serving of alcohol to appellant did not proximately cause the fire. We cannot concur. It is only when reasonable minds could not differ that the issue of proximate causation is to be removed from the jury's consideration. *Little,* supra. We cannot find, under the facts as pled, that appellant's intoxication as a result of the Kappa Chapter party was so remote an event from the fire, that the serving of alcohol by appellee could not possibly be determined by a jury to have been a substantial factor in the setting of the fire. Moreover, appellee only raised the question of duty in its preliminary objections, and did not aver the absence of proximate causation as a matter of law. Matters not raised in preliminary objections are not to be considered by the court *sua sponte.* Goodrich Amram 2d § 1028(a):1. As such, the trial court should not have determined that appellee's service of alcohol to appellant was not the proximate cause of the fire as a matter of law.

In light of the foregoing, we deem the trial court's determination that the facts as pled failed to state a viable cause of action in negligence against Kappa Chapter, to be error. Any determination at this stage that Kappa Chapter had no duty, and did not proximately cause the fire, as a matter of law, is premature prior to the conduct of discovery into the events which took place on the evening in question.

Hence, we enter the following order. The trial court's dismissal of Sigma Chi and Bucknell as additional defendants is affirmed. The trial court's dismissal of Kappa Chapter is reversed, and the joinder complaint is reinstated as to Kappa Chapter only. Appellant is directed to amend the joinder complaint within thirty (30) days of this order to reflect that Kappa Chapter is the sole additional defendant, in accordance with this opinion. Jurisdiction is relinquished.