## Maxwell v. Keas

*S. Richard Klinges III,* for plaintiff.
*Rhonda Hill Wilson,* for defendants.

CLARK, *J.,* May 27, 1993—On November 28, 1987, defendants were vacationing in Aruba with their minor

son. At that time, their 19-year-old daughter, Kimberly, was living at home with her grandmother. On that date, at approximately 1:30 a.m., plaintiff's decedent, Kenneth Maxwell, visited Kimberly without invitation in the defendants' home. The two of them consumed large quantities of alcoholic beverages, which apparently lead to an argument. Kimberly stabbed decedent fatally. Subsequently, Kimberly Keas pled guilty to murder of the third degree and was sentenced to Muncy State Correctional Facility.

Decedent's estate sued Kimberly's parents in trespass, averring they were negligent as to decedent in the following ways:

(a) furnishing alcoholic beverages to Kimberly, age 19;

(b) Purchasing alcoholic beverages for Kimberly;

(c) allowing Kimberly to consume alcoholic beverages at their home;

(d) failing to provide counselling for Kimberly, knowing of her alcohol problem; and,

(e) failing to keep their alcoholic beverages under lock and key.

Defendants moved for summary judgment, which was granted.

Prior to leaving for vacation, Kimberly's mother, defendant, Patricia Keas, instructed Kimberly that she was not to allow any friends into the house and there was to be no use of alcoholic beverages.

Our perusal of Pennsylvania law indicates that there are no cases on this subject. However, we fail to see any duty owed by defendants to decedent. See *Alumni Ass'n v. Sullivan,* 369 Pa. Super. 596, 535 A.2d 1095

(1987), and *Zanine v. Gallagher,* 345 Pa. Super. 119, 497 A.2d 1332 (1985).

Only Kimberly Keas was legally responsible for the death of Kenneth Maxwell. Accordingly, the entry of the summary judgment was proper.