634 A.2d 1150

Antonio BRAXTON, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT
OF TRANSPORTATION; Ronald Rubin and
Marcia Rubin.

Commonwealth Court of Pennsylvania.

Argued Feb. 1, 1993.

Decided Sept. 15, 1993.

Publication Ordered Dec. 8, 1993.

34

Laura A. Feldman, for appellant.

Carl Vaccaro, for appellee Dept. of Transp.

Stevan Williams, Dawn M. Courtney, for appellee Rubin.

Before DOYLE and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

FRIEDMAN, Judge.

Antonio Braxton appeals from an order of the Court of Common Pleas of Montgomery County granting summary judgment to Ronald and Marsha Rubin in Braxton's action against the Rubins seeking damages for injuries he sustained in a one vehicle accident. We agree that the Rubins are entitled to judgment as a matter of law and so affirm.

On December 18, 1986, at 5:15 on a rainy morning, Braxton was a rear seat passenger in an automobile traveling west on Conshohocken State Road, a state highway located in Lower Merion Township. When the driver failed to negotiate a curve, the car veered off the paved portion of the highway and struck a stone pillar on the Rubins property, set 10.5 feet away from the highway at the driveway entrance to the Rubins' residence. Braxton filed suit against the Rubins and the Pennsylvania Department of Transportation (DOT) for serious personal injuries sustained in the accident.[1] Braxton alleged that DOT was negligent in the design, construction and maintenance of the highway at the accident site. As to the Rubins, Braxton alleged that they were negligent in that they created a hazardous condition for highway users by cutting openings in the pre-existing stone wall around their property, erecting stone pillars to finish the rough ends created by the cuts and placing loose stones in front of the wall.[2] Additionally, Braxton charges the Rubins with negligence per se because they created the driveway to their property without obtaining the statutorily required permit from the Department of Highways. Following discovery, the Rubins moved

1. The automobile's owner, Loretta Nole, and Clarence Davis, the unlicensed driver of the vehicle, were also joined as defendants; however, Davis cannot be located and, although he was served by publication, has yet to appear in the action. Therefore, his version of the accident is unavailable. A third occupant of the vehicle, a front-seat passenger who received only minor injuries, testified by deposition.

2. In the early 1900s, the Rubins' property was part of a much larger estate which was surrounded by a solid brick wall. In 1971, the estate was subdivided and the Rubins purchased two of the lots, on which they built a private residence. In order to provide access to their property from the highway, the Rubins had to create an opening in the wall. The pillars and stones were added for aesthetic purposes.

for summary judgment, to which Braxton filed a timely response. After oral argument, the trial court granted the Rubins' motion, holding that no issues of material fact existed as to their liability for Braxton's injuries because the Rubins owed Braxton no duty of care.

Braxton appeals,[3] raising two issues for our review: (1) whether the Rubins owed a duty to Braxton either through affirmative acts creating an unreasonable risk of harm, the Rubins' possession of land adjoining a highway or a statute and regulation requiring the Rubins to obtain a driveway permit; and (2) whether the trial court ignored proper standards and procedure for granting summary judgment.

Initially, Braxton concedes that in a negligence action, duty is a prerequisite to liability; there can be no negligence where there is no duty of care. However, he argues that the trial court erred in ruling that the Rubins owed him no duty here. Rather, Braxton contends that a duty on the part of the Rubins existed alternatively on any one of three separate grounds.

First, Braxton asserts that the Rubins created a duty recognized under Pennsylvania law by performing an affirmative act[4] which produced a risk of harm to others. Braxton

3. Our scope of review on appeal from a grant of a motion for summary judgment is limited to determining if the trial court committed legal error or manifestly abused its discretion. *Kelly v. Curwensville Area High School*, 141 Pa.Commonwealth Ct. 449, 595 A.2d 787 (1991). A motion for summary judgment may properly be granted only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. No. 1035(b); *Hoffman v. Sun Pipe Line Co.*, 394 Pa.Superior Ct. 109, 575 A.2d 122 (1990). Additionally, summary judgment may be entered only in cases that are clear and free from doubt. *Consumer Party of Pennsylvania v. Commonwealth*, 510 Pa. 158, 507 A.2d 323 (1986). Because the burden of demonstrating the propriety of summary judgment falls on the moving party, we must examine the record in the light most favorable to the non-moving party, resolving any doubt in its favor. *Keystone Chapter, Associated Builders and Contractors, Inc. v. Thornburgh*, 101 Pa.Commonwealth Ct. 533, 516 A.2d 852, *aff'd*, 514 Pa. 587, 526 A.2d 358 (1987).

4. Braxton specifically distinguishes between a duty arising from an affirmative act, misfeasance, and one which stems from the failure to act, or nonfeasance. Braxton acknowledges that liability for the latter

contends that the Rubins changed a harmless pre-existing wall into a dangerous condition by cutting openings in the formerly smooth surface to accommodate their driveway and constructing stone pillars at those openings, thus placing a rigid obstacle in the right-of-way at the site of a dangerous curve. Moreover, Braxton contends that the loose stones which the Rubins placed in front of the wall as decoration reduced the controllability of vehicles entering the road's shoulder, placing their occupants in peril.

In response, the Rubins contend that merely cutting the opening in the wall and placing the pillars and stones at the entrance does not create a duty *unless* these actions created a reasonably foreseeable risk of causing this type of accident. *Zanine v. Gallagher*, 345 Pa.Superior Ct. 119, 497 A.2d 1332 (1985). The court in *Zanine* stated:

> 'Duty, in any given situation, is predicated upon the relationship existing between the parties at the relevant time. . . .' Where, as here, the parties are strangers to each other, such a relationship may be inferred from the general duty imposed on all persons not to place others at risk of harm through their actions. *The scope of this duty, however, is limited to those risks which are reasonably foreseeable by the actor in the circumstances of the case.*

*Id.* at 123, 497 A.2d at 1334 (citations omitted, emphasis added, ellipsis in original). Relying on this limiting language, the Rubins assert that they did not create a duty when they removed a portion of the wall surrounding their property in order to fashion an entrance to their home from the highway because they could not have reasonably foreseen that this

requires a duty imposed by virtue of a special relationship existing between the parties involved. However, he notes that even in the absence of any special relationship, the law imposes a duty to exercise reasonable care upon one who acts affirmatively, in that case extending liability to anyone whom the actor reasonably could anticipate would suffer harm as a result of his conduct. Restatement (Second) of Torts § 302 cmt. a (1965); Prosser, William L., *Law of Torts*, § 56 4th ed. 1971); *See Miller v. United States*, 561 F.Supp. 1129 (E.D.Pa.1983); *Zanine v. Gallagher*, 345 Pa.Superior Ct. 119, 497 A.2d 1332 (1985).

action would create any risk of harm to highway travelers.[5] We agree.

Braxton states in his brief that "the *opening* in the wall ... *presented an unprotected rigid object* hazard close to the highway," (Braxton's brief at 8, emphasis added), and cites several cases in which liability was imposed upon a party who, by performing an affirmative act, created a dangerous highway condition which led to an accident. However, in each of the cases relied upon by Braxton, the party held liable actually had placed some type of obstruction, either directly on or extremely close to the highway.[6] That is not what happened here.

■ We fail to see how the affirmative action taken by the Rubins; i.e., creating an opening in a pre-existing wall, could reasonably be considered equivalent to placing a rigid obstacle near the path of highway drivers. While under some circumstances, the construction or placement of an immovable object on property adjoining a highway, when no barrier existed previously, might be considered a source of potential harm to drivers on that highway, eliminating a portion of a wall which had existed on that same property for many years would not appear to pose any new threat. It would not be apparent to a

5. We are aware that the question of reasonableness normally entails jury consideration and deal with the problem later in this opinion.

6. Braxton cites *Grainy v. Campbell,* 493 Pa. 88, 425 A.2d 379 (1981) (gas company and contractor liable to a pedestrian who was struck by a passing truck when he was forced to enter the roadway to avoid the company's uncovered and barricaded excavation which obstructed the entire berm of the road); *Flickinger's Estate v. Ritsky,* 452 Pa. 69, 305 A.2d 40 (1973) (contractor that left dirt piled on the berm of the highway liable to a motorcyclist who was killed by a motorist whose vision was obstructed by the mound); *Nelson v. Duquesne Light Co.,* 338 Pa. 37, 12 A.2d 299 (1940) (utility liable to passenger in automobile which collided with a utility pole erected 5.54 feet from the paved portion of a highway at a curve); *St. Clair v. B & L Paving Co.,* 270 Pa.Superior Ct. 277, 411 A.2d 525 (1979) (contractor who, in repaving a highway, created a six-inch drop-off from the highway's paved portion to the berm, liable to a motorist who was killed when he lost control of his car after its wheels dropped off the highway surface); *Scheel v. Tremblay,* 226 Pa.Superior Ct. 45, 312 A.2d 45 (1973) (utility liable to passengers in an automobile which veered slightly to avoid an oncoming car and struck an unlit utility pole placed ten inches from the paved portion of the highway).

lay person that a *solid wall* which had been in place for some 90 years, and which even Braxton now describes as harmless, could suddenly become a dangerous condition merely because a portion of that wall had been removed to gain access to and egress from the property behind it, nor would a lay person realize that decorating the area with stones could pose a danger to drivers.[7]

Braxton asserts, however, that there is abundant evidence from which a jury could conclude that the Rubins knew or should have known of the hazard they created by removing a portion of the wall surrounding their property. Braxton notes that both Rubins testified that, although they had no personal knowledge of the incidents, they were aware of prior accidents in the vicinity, (R.R. at 225a–226a, 339a–340a), and that Marcia Rubin had even sent a letter to township officials stating that the area could use a sign or reduced speed limit. (R.R. at 340a, 439a.) Braxton contends that when this evidence is viewed in the light most favorable to him, one could reasonably conclude that the Rubins knew that their driveway posed a risk to passing motorists.

7. Braxton argues, however, that Mr. Rubin is not a lay person because he is employed in the real estate business. We must disagree. Mr. Rubin's employment in the field of real estate does not qualify him as a highway safety engineer, and so for our purposes, he is a lay person. We also note that even an expert might not have anticipated Braxton's accident as a consequence of the Rubins' action. Although differing viewpoints were offered, at least one expert in the field was of the opinion that the opening in the wall posed no greater threat to highway drivers than the wall itself and that the stones used to decorate the area actually increased its safety. (R.R. at 255a–263a.)

Moreover, the Rubins allege that because the wall and shoulder area were within DOT's right-of-way, DOT had the affirmative duty to correct any hazardous condition within its bounds pursuant to section 2002 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. § 512. However, they note that although the wall had been within the right-of-way for over 50 years, DOT had never initiated any action to alter or remove it. Moreover, after the Rubins constructed their driveway, DOT could have notified the Rubins that they were responsible for a possibly unsafe condition and required them to remedy the situation, yet the Rubins were never advised that their action presented a danger to highway travelers, nor has DOT ever requested the Rubins to alter their property in any way.

■■ We disagree that any knowledge of a dangerous condition of their property can reasonably be imputed to the Rubins either from the Rubins' awareness of other accidents in the area or from the letter that Mrs. Rubin wrote. Braxton introduced five police reports of vehicle accidents in the area; however, the Rubins specifically recalled only one of these accidents, an incident in which a drunk driver struck the solid portion of the wall outside their property. In addition, the police reports indicate that in each instance the driver was traveling at an unsafe speed. Because this evidence bears no relation to the opening in the wall or the stones placed in front of the wall, these reports could not be used to establish or infer that the Rubins knew or should have known that their opening in the wall could be a dangerous condition. As to Mrs. Rubin's letter, although it illustrates her concern with vehicles speeding on the roadway, it cannot be construed to reveal any knowledge on her part that her driveway posed any hazard to the traveling public.

Braxton further contends that the Rubins should have recognized the potential danger created by their action from the physical configuration of the highway and the regular forces of nature. *Noon v. Knavel,* 234 Pa.Superior Ct. 198, 339 A.2d 545 (1975). In *Noon,* a person standing in a telephone booth was severely injured when an automobile collided with the booth. The driver of the vehicle was being pursued by the police and was knowingly driving with defective brakes. The jury reasoned that it was foreseeable by the telephone company that the placement of the booth at a railroad crossing, at the bottom of a grade, at the end of an S curve could create the risk of harm which actually occurred. However, *Noon* is inapplicable here because it was the determination of proximate cause, not duty, which was at issue in that case. The theory for recovery in *Noon* was premised upon the telephone company's existing duty to exercise reasonable care to protect its business invitees. Given this duty, it was determined that the jury could find the utility negligent for failing to take reasonable precautions to protect persons using its equipment

against harm inflicted by the accidental, negligent or reckless acts of drivers.

Second, Braxton alleges a general duty imposed on possessors of land adjoining a highway for artificial conditions of the land which pose an unreasonable risk to highway users. *Lavelle v. Grace*, 348 Pa. 175, 34 A.2d 498 (1943); Restatement (Second) of Torts §§ 364, 368 (1965). Again, Braxton cites numerous cases in support of his position; however, in each case, a condition on the adjacent property either fell directly onto the road surface or otherwise interfered with parties traveling thereon.[8] Unlike those cases, the car in which Braxton was a passenger left the paved surface of the roadway and then struck the Rubins' pillar, which was itself well maintained and in no way defective.

In addition, Braxton contends that the Rubins had a duty to the traveling public which was expressed in the Restatement (Second) of Torts § 368 (1965), and recognized by Pennsylvania courts. That Restatement section provides:

A possessor of land who creates or permits to remain thereon an excavation or artificial condition so near an existing highway that he realizes or should realize that it involves an unreasonable risk to others accidentally brought into contact with such condition while traveling with reasonable care upon the highway, is subject to liability for physical harm thereby caused to persons who (a) are traveling on the highway, or (b) foreseeably deviate from it in the ordinary course of travel.

8. Among the many cases which Braxton cites are *McCarthy v. Ference*, 358 Pa. 485, 58 A.2d 49 (1948) (possessor of property liable for injuries to bus passengers caused by rockslide resulting from work on the property); *Pope v. Reading Co.*, 304 Pa. 326, 156 A. 106 (1931) (possessor of land held liable when a piece of the stone wall on his property fell and injured a workman in the street); *Harvey v. Hansen*, 299 Pa.Superior Ct. 474, 445 A.2d 1228 (1982) (possessor of property liable for motorist's injuries suffered in a collision resulting from excessive plant growth on the land which reduced visibility at an intersection); and *Green v. Freeport Borough*, 218 Pa.Superior Ct. 334, 280 A.2d 412 (1971) (possessor of land liable for injuries to highway motorist caused by a tree limb which extended from the property over the roadway).

However, based on this restatement section, the Rubins contend that a duty based upon possession of property adjoining a highway extends only to correct conditions that owners knew or should have known involved an unreasonable risk to a person traveling with due care. The Rubins reassert their position that they did not know and should not have been expected to know that the wall or stones could be dangerous.[9] This is essentially the same argument which we considered in our earlier discussion on foreseeability. There, we concluded that because a reasonable person in the position of the Rubins could not have anticipated putting highway users at risk by their action, the Rubins owed Braxton no duty here.

■ Third, Braxton claims that even if a duty did not otherwise exist, the Rubins owed a duty to highway travelers by virtue of a Commonwealth statute and regulation, specifically Chapter 1 of the Pennsylvania Department of Highways Rules and Regulations, effective January 2, 1969, which was promulgated pursuant to the provisions of the State Highway Law, Act of June 1, 1945, P.L. 1242, 36 P.S. § 670–420. Braxton contends that the purpose of this regulation is to insure the safety of State highway users and, to this end, required persons desiring to construct a driveway connecting to a State road, to first obtain a permit from the Commonwealth. Accordingly, Braxton asserts that the provision imposed a duty on the Rubins to obtain such a permit before cutting openings in their wall to create their driveway and, because neither the Rubins nor anyone on their behalf obtained the required permit, the Rubins are negligent per se. *Vernon v. Stash*, 367 Pa.Superior Ct. 36, 532 A.2d 441 (1987).

In response, the Rubins assert that their failure to obtain a driveway permit, if in fact this was true, does not constitute negligence per se because the statute, while concerned with the safe and unobstructed movement of vehicular traffic on

**9.** Moreover, the Rubins claim that the vehicle here was not being driven with due care. They note that the driver of the vehicle was unlicensed, (R.R. at 148a), and that Braxton himself testified that, after leaving the paved portion of the highway, the driver did nothing to avoid the accident. (R.R. at 245a, 247a.)

State highways, is not intended as a protection against this type of accident. We agree.[10]

The intended purpose of this regulation is clearly set forth in its forward as follows:

The Secretary of Highways is of the opinion that it is necessary that the location, design, construction and maintenance of driveways entering upon State highways be regulated for the purpose of security for such highways, economy of maintenance, preservation of proper drainage, and safe and convenient passage of traffic thereon.

The object of these regulations is to establish uniform controls governing such location, design, construction and maintenance. The Department of Highways is cognizant of the fact that abutting property owners have the right of access, except along limited access highways. It must be recognized, however, that indiscriminate roadside development and uncontrolled highway connections can result only in lower highway capacity and increased hazard to all traffic.

*Most roadside interference can be attributed directly to vehicular traffic entering, leaving and parking adjacent to the access driveways of residences, business establishments and other roadside developments along the highway.*

*To this end the Secretary of Highways has deemed it advisable to promulgate and publish these regulations.*

(R.R. at 359a.)

■ Through this provision, the Department of Highways intended to regulate the location and construction of driveways which feed directly onto State roads *in order to prevent vehicles entering and exiting those driveways from interfering with the free flow of normal highway traffic.* A statute or regulation only establishes an absolute duty to prevent the

10. Alternatively, the Rubins claim that even if they are per se negligent, this is not ground for liability unless the action was the proximate cause or a substantial factor in bringing about the injury, *Novak v. Jeannette District Memorial Hospital,* 410 Pa.Superior Ct. 603, 600 A.2d 616 (1991), which was not the case here. Because of our disposition on the issue of duty, we need not address this second argument.

harm contemplated by that statute or regulation. *See Albig v. Municipal Authority of Westmoreland County*, 348 Pa.Superior Ct. 505, 502 A.2d 658 (1985). However, the problem which this regulation was designed to avoid, and the harm contemplated as a result of its violation, was that because of driveways which were inappropriately located or constructed, highway traffic would become congested or accidents would occur because of cars coming in or out of driveways,[11] *see Hardee's Food Systems v. Department of Transportation*, 495 Pa. 514, 434 A.2d 1209 (1981), clearly, accidents which would involve multiple vehicles. It was not intended to protect against the type of incident which occurred here.

 The concept of negligence per se establishes both duty and the required breach of duty where an individual violates an applicable statute, ordinance or regulation designed to prevent a public harm; in this case, an interruption of the safe and orderly flow of traffic. Thus, for the principle of negligence per se to be applicable to the Rubins here, their creation of a driveway must have adversely affected the normal flow of traffic on the highway or have caused the type of multi-vehicle accident contemplated in the creation of the regulation; it did not. Non-conformity to an inapplicable regulation is not the same as violation of an applicable regulation; consequently, even if the Rubins failed to obtain the required driveway permit, they cannot be charged with negligence per se. *Ennis v. Atkin*, 354 Pa. 165, 47 A.2d 217 (1946); Restatement (Second) of Torts §§ 286, 288B (1965). Thus, where, as here, no duty otherwise exists, this regulation cannot be the source of any duty which flows from the Rubins to Braxton.[12]

**11.** In this regard, section 106 of the regulation restricts the location and angle of a driveway approach in relation to its highway intersection so that a vehicle (1) entering the driveway may do so in an orderly and safe manner with a minimum of interference with through highway traffic, and (2) leaving the driveway may enter safely into the lane of traffic moving in the desired direction. (R.R. at 369a–370a.)

**12.** The trial court bases its grant of summary judgment solely on a lack of duty, yet does not address the possibility of a statutory duty based on the required permit. Nevertheless, we can affirm a correct result from a trial court even where its reasoning differs from our own. *Wright v.*

Braxton also argues that the trial court erred by ignoring proper standards in granting summary judgment. First, Braxton contends that the record upon which the trial court granted summary judgment was inadequate, either because the evidence relied on by the trial court to reach its determination violated the requirements of Pa.R.C.P. No. 1035(d),[13] or was of a type which could not form the basis for a grant of summary judgment under *Nanty–Glo v. American Surety*, 309 Pa. 236, 163 A. 523 (1932).[14] Second, Braxton argues that when the trial court determined that the conditions on the Rubins' property imposed no unreasonable risk to others and that the Rubins did not know and should not have been aware of dangerous conditions on their property, it resolved fact issues which properly should have gone to a jury.

■■■■ As to the first of these assertions, Braxton has waived his opportunity to address them on appeal. Pa.R.A.P. 2116(a) states in pertinent part: "[t]his rule is to be in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby." In his statement of questions involved, Braxton neither refers to this issue

*Department of Transportation,* 142 Pa.Commonwealth Ct. 91, 596 A.2d 1241 (1991), *appeal denied,* 530 Pa. 650, 607 A.2d 258 (1992).

13. According to Pa.R.C.P. No. 1035(d), on a motion for summary judgment, "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the signer is competent to testify to the matters stated therein."

14. *Nanty–Glo* held that the testimony of the moving party or its witnesses, even if uncontradicted, cannot form the basis for summary judgment because credibility of such testimony is a jury question. We note, however, that more recently in *Dudley v. USX Corp.*, 414 Pa.Superior Ct. 160, 606 A.2d 916 (1992), *appeal denied,* 532 Pa. 663, 616 A.2d 985 (1993), the court determined that *Nanty–Glo* never comes into play where the plaintiff has failed to allege facts sufficient to establish a prima facie case. In the present case, Braxton has failed to set forth a prima facie case where, even assuming the truth of all his factual allegations, Braxton has failed to allege facts which would show any duty owed him by the Rubins and, therefore, has not made out a prima facie case as a matter of law, not as a matter of fact. *See Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466 (1979).

explicitly nor suggests it by the questions he does present; consequently, Braxton is barred from raising it on appeal.

Braxton's final argument is that summary judgment is precluded because whether the conditions on the Rubins' property posed an unreasonable risk to others and whether the Rubins should have been aware of dangerous conditions on their property present factual questions for jury determination. The Rubins counter that the trial court acted properly in finding that the Rubins did not know of any danger posed by the wall and stones, thus granting summary judgment based on a lack of duty.

 The Rubins concede that the test for determining what an individual knew or should have known is one of reasonableness. However, while the question of reasonableness is normally left for the jury, *Carns v. Yingling,* 406 Pa.Superior Ct. 279, 594 A.2d 337 (1991), the court has the prerogative to assume a jury determination when, as here, it concludes that fair and reasonable persons could not differ in their conclusions based on the available facts.[15] *Wallace v. Horvath,* 283 Pa.Superior Ct. 179, 423 A.2d 1047 (1980); Restatement (Second) of Torts § 328B, cmts. e, g (1965). We agree with the trial court that under the facts here, and the inferences which could reasonably be drawn from those facts, no reasonable person could conclude that the Rubins knew or should have known that the stones and the opening in the wall were dangers to the traveling public. Because this means that the Rubins owed no duty to Braxton, summary judgment was properly granted.

 To recover on a theory of negligence, the plaintiff must prove four elements: (1) that the defendant owed a duty

---

15. Similarly, while the Rubins acknowledge that the determination of whether the wall and stones constituted a dangerous condition was one of fact, they argue that the trial court was free to decide this question where the evidence shows that it was not a proximate or legal cause of Braxton's injury. *See Dankulich v. Tarantino,* 110 Pa.Commonwealth Ct. 559, 532 A.2d 1243 (1987); Restatement (Second) of Torts § 328B cmt. g (1965). However, we need not consider the question of proximate cause where we have determined that the Rubins owed Braxton no duty of care.

to the plaintiff; (2) that the defendant breached that duty; (3) that the breach was the proximate or legal cause of the accident and (4) that the plaintiff suffered actual loss or damage. *Department of Public Welfare v. Hickey,* 136 Pa.Commonwealth Ct. 223, 582 A.2d 734 (1990). If the plaintiff fails to establish one of the essential elements of actionable negligence, the defendant has valid grounds for summary judgment. That is precisely the case here. As a matter of law, no recovery can lie against any party, absent a legal duty owed to the person injured. *See Fabian v. Matzko,* 236 Pa.Superior Ct. 267, 344 A.2d 569 (1975). Because the harm Braxton suffered was not foreseeable, nor was it contemplated in the statute from which Braxton alleges the Rubins' duty arises, the Rubins owed Braxton no duty. "[I]f no care is due, it is meaningless to assert that a person failed to act with due care." *Wenrick v. Schloemann–Siemag Aktiengesellschaft,* 523 Pa. 1, 8, 564 A.2d 1244, 1248 (1989). Accordingly, we affirm the order of the trial court.

## ORDER

AND NOW, this 15th day of September, 1993, the order of the Court of Common Pleas of Montgomery County, dated July 28, 1992, is affirmed.