The Reverend J.E.J., Sr., and K.L.J., husband and Wife, Individually, and J.E.J., Jr., a Minor, by his Parents and Natural Guardians, the Reverend J.E.J., Sr., and K.L.J., Appellants,

v.

TRI-COUNTY BIG BROTHERS/BIG SISTERS, INC., a Pennsylvania Not–For–Profit Corporation and Big Brothers/Big Sisters of America, a Pennsylvania Not–For–Profit Corporation.

Superior Court of Pennsylvania.

Argued March 4, 1997.

Filed April 11, 1997.

Anthony M. McBeth, Harrisburg, for appellants.

Elizabeth Goldstein, Harrisburg, for Tri–County Big Brothers/Big Sisters, Inc., appellee.

Joseph F. Murphy, Harrisburg, for Big Brothers/Big Sisters of America, appellee.

Before CIRILLO, President Judge Eeritus, and POPOVICH and HESTER, JJ.

CIRILLO, President Judge Emeritus:

The Reverend J.E.J., Sr., his wife, K.L.J., and minor son J.J. appeal from an order entered in the Court of Common Pleas of Dauphin County dismissing their complaint. We affirm.

The following information is alleged in Mr. & Mrs. J's complaint. In April, 1993, Mr. & Mrs. J. learned that Randall L. Cassel had sexually molested their son J.J. on numerous occasions over a three-year period.[1] Mr. & Mrs. J. subsequently discovered that in 1991 Cassel had sexually abused another boy, specifically, a boy who was designated as Cassel's "Little Brother" through the Tri–County Big Brothers/Big Sisters, Inc. (Tri–County).[2] Upon learning of the alleged misconduct, Tri–County suspended Cassel as a "Big Brother," but did not report the allegations to any law enforcement or protective agency. Tri–County later determined that the allegations against Cassel were groundless, and reinstated Cassel as a Big Brother. Cassel was honored as "Big Brother of the Year" in 1992. It is important to note that there has been no allegation set forth in the complaint that J.J. is or has ever been involved in the Big Brothers/Big Sisters organization.

The complaint includes a claim that Tri–County and Big Brothers/Big Sisters of America (the National Organization) are liable for negligence. Mr. & Mrs. J. contend that Tri–County owed a duty to J.J. to report Cassel's misconduct with the Little Brother to the appropriate authorities and/or agencies. Mr. & Mrs. J. assert that the National Organization is both vicariously and independently liable. Finally, Mr. & Mrs. J. allege that they should recover for emotional distress. Overall, Mr. & Mrs. J. seek recovery for the emotional harm, distress, humiliation,

---

1. Cassel is currently imprisoned in a state correctional institution for the repeated sexual abuse and other corruptive conduct stemming from his relationship with J.J.

2. The complaint implies that Cassel's sentence of incarceration stems both from Cassel's conduct with J.J. **and** the Little Brother. Neither the complaint nor the existing record, however, is completely clear on this fact. Specifically, the complaint describes Cassel as "an adult individual who is currently serving a sentence ... for the conduct that is the subject of this paragraph[, the sexual abuse of J.J.,] and other similar conduct which will be described below."

and physical injury to their son, psychological counseling for their son and family, and emotional distress.

Tri-County and the National Organization filed preliminary objections to the complaint. The trial court sustained these objections and dismissed the complaint, concluding that neither organization owed a duty to J.J. or his parents. This appeal followed.

Two issues have been raised for our consideration:

(1) When parents have, and are going to for the rest of their lives, see and experience for themselves the debilitating social and emotional effects of Defendants' negligence upon their minor son, should they be restricted to witnessing the organizations' acts in order to state a claim for negligent infliction of emotional distress?

(2) When organizations that hold themselves out to be in existence for the benefit of children unquestionably know that one of their volunteers has perpetrated sexual abuse on a child, do those organizations owe a duty to future victims of the volunteer to report his conduct to proper enforcement agencies, or are they free to allow the predator to continue his destructive ways for years, because of the purported absence of a "special relationship" or otherwise?

Our standard of review is well established:
When reviewing an order granting preliminary objections in the nature of a demurrer, an appellate court applies the same standard employed by the trial court: all material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true for purposes of review. The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where any doubt exists as to whether a demurrer should be sustained it should be resolved in favor of overruling the demurrer.

*Jackson v. Garland,* 424 Pa.Super. 378, 381, 622 A.2d 969, 970 (1993) (citations omitted).

■ Logic dictates that we address the negligence issue first; if there is no negligence claim, we need not reach the emotional distress issue. The elements of a cause of action based on negligence are a duty, a breach of that duty, a causal relationship between the breach and the resulting injury, and actual loss. *Burman v. Golay & Co., Inc.,* 420 Pa.Super. 209, 616 A.2d 657 (1992); *Casey v. Geiger,* 346 Pa.Super. 279, 499 A.2d 606 (1985). When considering the question of duty, it is necessary to determine "whether a defendant is under any obligation for the benefit of the particular plaintiff ... and, unless there is a duty upon the defendant in favor of the plaintiff which has been breached, there can be no cause of action based upon negligence." *Hoffman v. Sun Pipe Line Co.,* 394 Pa.Super. 109, 114, 575 A.2d 122, 125 (1990).

Duty, in any given situation, is predicated upon the relationship existing between the parties at the relevant time. *Zanine v. Gallagher,* 345 Pa.Super. 119, 497 A.2d 1332, 1334 (1985). Where the parties are strangers to each other, such a relationship may be inferred from the general duty imposed on all persons not to place others at risk of harm through their actions. *Id.* The scope of this duty is limited, however, to those risks which are reasonably foreseeable by the actor in the circumstances of the case. *Id.*

Only when the question of foreseeability is undeniably clear may a court rule as a matter of law that a particular defendant did not have a duty to a particular plaintiff. *Migyanko v. Thistlethwaite,* 275 Pa.Super. 500, 419 A.2d 12, 14 (1980); see also *Palsgraf v. Long Island Railroad Co.,* 248 N.Y. 339, 162 N.E. 99, 100 (1928).

*Hoffman,* 394 Pa.Super. at 115, 575 A.2d at 125 (quoting *Alumni Ass'n v. Sullivan,* 369 Pa.Super. 596, 600–02, 535 A.2d 1095, 1098 (1987), *aff'd,* 524 Pa. 356, 572 A.2d 1209 (1990)). See *Schmoyer by Schmoyer v. Mexico Forge, Inc.,* 437 Pa.Super. 159, 164–65, 649 A.2d 705, 708 (1994) (unless a special relationship exists between the defendant and plaintiff, the only duty owed by the defendant to the plaintiff is the general duty imposed on all persons not to expose others to reasonably foreseeable risks of injury). See also *Feld v. Merriam,* 506 Pa. 383, 392, 485 A.2d 742, 746 (1984) (in general, a person

is not liable for the criminal conduct of another in the absence of a special relationship imposing a pre-existing duty); *T.A. v. Allen,* 447 Pa.Super. 302, 669 A.2d 360 (1995) (same); *Elbasher v. Simco Sales Service of Pa.,* 441 Pa.Super. 397, 657 A.2d 983 (1995) (same).

Accepting all the facts alleged in the complaint as true, we conclude that Mr. & Mrs. J. have failed to establish that Tri–County or the National Organization owed a duty to J.J. or to other family members. There have been no allegations that J.J. in any way participated in the Big Brother program. No relationship existed between the parties at the time of the abuse or at any time thereafter. *Feld, supra; Schmoyer, supra; Hoffman, supra.* Since no relationship was found to exist between J.J. and Tri–County/National Organization, the appellees only owed Mr. & Mrs. J. and J.J. a general duty imposed on all persons not to place others at risk of harm; such risks, however, must be reasonably foreseeable. *Schmoyer, supra; Hoffman, supra.* While we are deeply disturbed by the circumstances of the instant case, we conclude that the appellees' general duty of care does not encompass J.J. or his family members. We will not extend the scope of such a duty to require Tri–County/National Organization to warn or protect all parents and children from persons like Cassel. Given the tenuous connection between the parties and events in this case, the appellees cannot be held responsible for the regrettable consequences of Cassel's actions; the law simply does not allow liability to be stretched as far as Mr. & Mrs. J. suggest. *Schmoyer, supra; Hoffman, supra.* As duty has not been established, no recovery is possible under a negligence theory. The complaint was properly dismissed.

■ As an alternative argument, Mr. & Mrs. J. contend that Tri–County was negligent *per se* for violating the Child Protective Services Act. 23 Pa.C.S.A. § 6301 *et seq.* "The concept of negligence *per se* establishes both duty and the required breach of duty where an individual violates an applicable statute, ordinance or regulation designed to prevent a public harm[.]" *Braxton v. Commonwealth Dept. of Transp.,* 160 Pa. Commw. 32, 45, 634 A.2d 1150, 1157 (1993). *See Lutheran Distributors v. Weilersbacher,* 437 Pa.Super. 391, 406–08, 650 A.2d 83, 91 (1994) (where a statute imposes a duty, the violation of such statute is negligence *per se* ); *Commonwealth Dept. of Pub. Welfare v. Hickey,* 136 Pa. Commw. 223, 227–29, 582 A.2d 734, 736 (1990) (same). A plaintiff, however, having proven negligence *per se,* cannot recover unless it can be proven that such negligence was the proximate cause of the injury. *Hickey, supra. See Wagner v. Anzon, Inc.,* 453 Pa.Super. 619, ——, 684 A.2d 570, 574 (1996). Moreover, in analyzing a claim based on negligence *per se,* the purpose of the statute must be to protect the interest of a group of individuals, as opposed to the general public, and the statute must clearly apply to the conduct of the defendant. *See Wagner, supra. See also Gravlin v. Fredavid Builders and Developers,* 450 Pa.Super. 655, 661–63, 677 A.2d 1235, 1239 (1996) (it is settled law that there must be a direct connection between the harm sought to be prevented by the statute and the injury complained of).

Specifically, Mr. & Mrs. J. assert that, pursuant to the Act, there existed "child abuse," as defined in section 6306,[3] and Tri–County failed to report it in accordance with section 6311. Section 6311 states, in pertinent part:

Persons who, in the course of their employment, . . . come into contact with children shall report or cause a report to be made in accordance with section 6313 (relating to reporting procedure) when they have reason to believe, on the basis of their medical, professional or other training and experience, that a child coming before

---

3. **"Child abuse."** Serious physical or mental injury which is not explained by the available medical history as being accidental, sexual abuse, sexual exploitation or serious physical neglect of a child under 18 years of age if the injury, abuse or neglect has been caused by the acts or omissions of the child's parents or by a person responsible for the child's welfare, or any individual residing in the same home as the child, or a paramour of the child's parents.

23 Pa.C.S.A. § 6302.

them in their professional or official capacity is an abused child.

23 Pa.C.S.A. § 6311(a).

Instantly, we find that the J. family falls outside of the group of individuals that the statute at issue is designed to protect. *Wagner, supra; Gravlin, supra.* While the statute was clearly promulgated for the protection of children, it appears that the children the statute aims to protect must be in some way connected to the persons who, in the course of their employment, come into contact with abused children. 23 Pa.C.S.A. § 6311(a). Again, J.J. and his parents were in no way affiliated with Tri–County. J.J. was never a "Little Brother" with that organization. The negligence *per se* argument must fail.

The trial court properly determined that no recovery is possible on the facts averred, and we uphold its order dismissing the complaint. *Jackson, supra.*[4]

Affirmed.

---

4. In light of our finding that the appellees were not negligent, Mr. and Mrs. J. cannot successfully assert a claim for negligent infliction of emotional distress. We, therefore, need not address the remaining issue.