66     218
20 SC ¹334

## Armstrong County *versus* Clarion County.

1. A traveller passing over a bridge which was maintainable by two counties was injured by its breaking down. He recovered damages in an action for negligence against one of the counties. *Held,* that county might recover contribution from the other.

2. The rule that there cannot be contribution between wrongdoers is confined to cases where the plaintiff must be presumed to know that he was doing an unlawful act.

3. A promise to indemnify against an act not known at the time to be unlawful, is valid.

4. Contribution is fixed on general principles of natural justice and does not spring from contract.

October 21st 1870.   Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Clarion county :* No. 88, to October and November Term 1870.

This was an action of assumpsit by The County of Armstrong against The County of Clarion, commenced October 30th 1869, for contribution under the following circumstances:— .

At Rockport Mills there is a public bridge over Red Bank creek which is the dividing line between Armstrong county and Clarion county, the bridge is consequently to be maintained at the joint expense of the two counties.   In 1860 the commissioners of both counties received notice that the bridge was out of repair ; they made a joint examination of it, and directed some slight repairs which were done at the joint expense of the two counties.   Not long afterwards the bridge broke down whilst John A. Humphrey was crossing with a two-horse wagon and severely injured him. To March Term 1862, he brought an action for negligence against the county of Armstrong.   The commissioners of that county gave notice of the bringing of the suit to the commissioners of Clarion,

and called on them to assist in its defence, which was not done. A verdict was recovered December 16th 1868 against Armstrong for $1100, which, with the costs amounting in all to $1597.31, Armstrong county paid. The commissioners of Clarion were called on to contribute their proportion to this payment, which they declined to do.

On the trial before Campbell, P. J., these facts were proved or admitted, when the court, on motion of the defendant, directed a nonsuit on the ground that there was no contribution between wrongdoers. This was assigned for error by the plaintiffs, on the removal of the case to the Supreme Court.

*F. Mechling*, *G. W. Lathey* and *D. Barclay*, for plaintiff in error.—Contribution does not spring from contract but general principles of justice: 1 Story's Eq. Jur. § 463 note; 1 Pars. on Cont. 31. Those who are bound to repair must answer for neglect: Erie v. Schwingle, 10 Harris 388. Contribution may be recovered where the act is not clearly illegal and was done bonâ fide: 1 Pars. on Cont. 37 note 10; Adamson v. Jarvis, 4 Bing. 66; Humphrey v. Armstrong, 6 P. F. Smith 204; Worty v. Batte, 2 C. & P. 417; Horbach v. Elder, 6 Harris 33.

*W. L. Corbett*, for defendant in error.—Contribution cannot be recovered by one tort-feasor from another: Merriweather v. Nixon, 8 Term R. 186; Betts v. Gibbins, 2 Ad. & Ellis 74; N. Penna. Railroad v. Mahoney, 7 P. F. Smith 189; Beck v. Ellis, 2 Johns. Ch. R. 336.

The opinion of the court was delivered, January 3d 1870, by

READ, J.—The bridge across Red Bank creek, between the counties of Armstrong and Clarion, at the place known as the Rockport Mills, was a county bridge, maintained and kept in repair at the joint and equal charge of both counties. Whilst John A. Humphreys was crossing the bridge it fell and he was severely injured; he brought suit for damages against the county of Armstrong; and on the trial, under the charge of the court, there was a verdict for defendant. This was reversed on writ of error (6 P. F. Smith 204); and upon a second trial there was a verdict for the plaintiff for $1100 damages, on which judgment was entered. This judgment, with interest and costs, was paid by Armstrong county, and the present suit is to recover contribution from Clarion county. On the trial the learned judge nonsuited the plaintiff on the ground that one of two joint wrongdoers cannot have contribution from the other.

The commissioners of the two counties had examined the bridge in the summer and ordered some repairs which were made. There can be little doubt that morally Clarion county was bound to pay

one-half of the sum recovered from and paid by Armstrong county;
and the question is, does not the law make the moral obligation a
legal one? Merriweather *v.* Nixon, 8 Term R. 186, the leading case
on the subject, was of a joint injury to real estate, and for the joint
conversion of personal property, being machinery in a mill. In
Colburn *v.* Patmore, 1 Cr. M. & R. 73, the proprietor of a news-
paper who, for a libel published in it, was subjected to a criminal
information, convicted and fined, sought to recover from his
editor who was the author of the libel, the expenses which he had
incurred by his misfeasance; Lord Lyndhurst said: "I know of
no case in which a person who has committed an act declared by
the law to be criminal, has been permitted to recover compensa-
tion against a person who has acted jointly with him in the
commission of the crime."

So in Arnold *v.* Clifford, 2 Sumner 238, it was held, a promise
to indemnify the publisher of a libel is void. "No one," said
Judge Story, "ever imagined that a promise to pay for the
poisoning of another was capable of being enforced in a court of
justice."

In Miller *v.* Fenton, 11 Paige 18, the wrongdoers were two of
the officers of a bank, who had fraudulently abstracted its funds,
and of course there could be no contribution between criminals.
In the case of The Attorney-General *v.* Wilson, 4 Jurist 1174,
cited in the above case by the chancellor, and also reported in 1
Craig & Phillips 1, where it was contended that all the persons
charged with the breach of trust should be made parties, Lord
Cottenham said: "In cases of this kind where the liability arises
from the wrongful act of the parties, each is liable for all the
consequences, and there is no contribution between them, and
each case is distinct, depending upon the evidence against each
party. It is therefore not necessary to make all parties who
may more or less have joined in the act complained of." Seddon
*v.* Connell, 10 Simons 81, is to the same effect.

In Story on Partnership, § 220, after speaking of the general
rule that there is no contribution between joint wrongdoers, the
author says: "But the rule is to be understood according to its
true sense and meaning, which is, where the tort is a known
meditated wrong, and not where the party is acting under the
supposition of the entire innocence and propriety of the act, and
the tort is merely one by construction, or inference of law. In
the latter case, although not in the former, there may be and
properly is, a contribution allowed by law for such payments and
expenses between constructive wrongdoers, whether partners or
not." The case of Adamson *v.* Jarvis, cited by the learned com-
mentators, is in 4 Bing. 66, in which Lord Chief Justice Best,
after noticing Merriweather *v.* Nixon, says: "The case of Philips
*v.* Biggs, Hardress 164" (which was on the equity side of the

Exchequer), "was never decided; but the Court of Chancery seemed to consider the case of two sheriffs of Middlesex, where one had paid the damages *in an action for an escape, and sued the other for contribution, as like the case of two joint obligors.*"

" From the inclination of the court in this last case, and from the concluding part of Lord Kenyon's judgment in Merriweather *v.* Nixon, and from reason, justice and sound policy, the rule that wrongdoers cannot have redress or contribution against each other is confined to cases where the person seeking redress must be presumed to have known he was doing an unlawful act."

In Betts *v.* Gibbins, 2 Ad. & E. 57, Lord Denman said, " The case of Merriweather *v.* Nixon, 8 T. R. 186, seems to me to have been strained beyond what the decision will bear—the present case is an exception to the general rule. The general rule is, that between wrongdoers there is neither indemnity nor contribution. The exception is where the act is not clearly illegal in itself, and Merriweather *v.* Nixon, 8 T. R. 186, was only a refusal of a rule nisi."

" In Adamson *v.* Jarvis, 4 Bing. 66, we have the observations of a learned person familiar with commercial law."

A promise to indemnify against an act not known to the promissee at the time to be unlawful is valid: Coventry *v.* Barton, 17 Johns. 142; Stone *v.* Hooker, 9 Cow. 154.

In Pearson *v.* Skelton, 1 Mee. & Wels. 504, where one stage-coach proprietor had been sued for the negligence of a driver, and damages had been recovered against him, which he had paid, and he sought contribution from another of the proprietors, it was held that the rule there, no contribution between joint tort-feasors, does not apply to a case where the party seeking contribution was a tort-feasor only by inference of law, but is confined to cases where it must be presumed that the party knew he was committing an unlawful act.

The same doctrine was maintained in Wooley *v.* Batte, 2 C. & P. 417.

These cases have been followed in this court in Horbach's Administrators *v.* Elder, 6 Harris 33. " Here," said Judge Coulter, " the plaintiff and defendant are *in equali jure.* The plaintiff has exclusively borne the burden which ought to have been shared by the defendant, who therefore ought to contribute his share."

" Contribution," says Lord Chief Baron Eyre, in Dering *v.* Earl of Winchelsea, 1 Cox 318, " is bottomed and fixed on general principles of natural justice, and does not spring from contract."

These principles rule the case before us. The parties plaintiff and defendant are two municipal corporations, jointly bound to keep this bridge in repair. These bodies can act only by their legally constituted agents, their commissioners, who examine the structure and order repair which is done. They erred in judg-

[Armstrong Co. *v.* Clarion Co.]

ment, and both were liable for the consequences of that error, and one having paid the whole of the damages is entitled to contribution from the other.

Judgment reversed, and *venire de novo* awarded.