Commonwealth of Pennsylvania, Department of
Transportation, Plaintiff *v.* Upper Providence
Township Municipal Authority, Defendant. Fridy,
Gauker & Fridy, Inc. et al., Additional Defend-
dants.

Argued October 9, 1980, before Judges MACPHAIL,
WILLIAMS, JR. and PALLADINO, sitting as a panel of
three.

*John T. Kalita, Jr.,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for plaintiff.

*Clarke F. Hess,* with him *William J. Brennan, Butera, Hess, Beausang & Moyer,* for defendant.

*James L. Price, Steinberg, Greenstein, Gorelick & Price,* for additional defendants, Robert J. Gauker and Gauker-Fridy Associates.

*William C. Summers, McWilliams, Sweeney & Powell,* for additional defendants, Charles D. Fridy and Betz Environmental Engineers, Inc.

OPINION BY JUDGE MACPHAIL, December 17, 1980:

The Commonwealth of Pennsylvania, Department of Transportation (DOT) has filed a complaint in assumpsit and trespass in this Court naming the Upper Providence Township Municipal Authority (Authority) as defendant.

The complaint seeks damages in the amount of $20,709.15 for an alleged breach of or negligent performance of a contract entered into in 1967 between DOT and the Authority for installation of a sewer line within the right of way of the State highway known as Legislative Route 462.

The Authority filed an Answer and a Petition for leave to join additional defendants. Leave was granted to join Fridy, Gauker & Fridy, Inc. (FG&F), Betz Environmental Engineers, Inc., Gauker-Fridy Associates, and Lisbon Contractors, Inc.[1] as additional defendants. The Authority then filed its complaint against these additional defendants.

---

[1] Lisbon Contractors, Inc. allegedly entered into a contract with the Authority in 1967 for the construction work in connection with the sewer project. Lisbon has filed no preliminary objections to the Second Amended Complaint against Additional Defendants and is not directly involved in this phase of the litigation.

Subsequently, the Authority sought and was granted leave to file an amended complaint to join still other additional defendants, namely, Gauker & Fridy, Inc., Charles D. Fridy, and Robert J. Gauker. When preliminary objections were filed to that complaint, the Authority was granted leave to file and did file a second amended complaint. Preliminary objections again were filed by Charles D. Fridy (Fridy), Robert J. Gauker (Gauker), and Gauker-Fridy Associates (Associates) and it is those objections in the nature of a demurrer which are now before us for disposition.

The pertinent factual allegations in the Authority's complaint, which for the purpose of disposing of the demurrer must be deemed to be true, indicate that in 1963[2] Upper Providence Township entered into a written contract with FG&F to perform all engineering work on a sanitary sewerage system the construction failure of which is the gravamen of the suit between DOT and the Authority. The 1963 contract was subsequently assigned by Upper Providence Township to the Authority.

At some unspecified point in time, FG&F was dissolved or reorganized. Betz Environmental Engineers, Inc. purchased some assets of FG&F and eventually became the sole shareholder of that business. The Associates, a partnership, is alleged to have succeeded to some portion of FG&F's business. The individuals, Fridy and Gauker, are alleged to be licensed professional engineers.

The Authority's complaint alleges that Fridy, Gauker, the Associates and all other additional defendants breached their obligations under the contract with the Authority to properly inspect and supervise the work in the sewerage system or performed their

---

[2] The complaint says 1965 but the copy of the contract attached thereto says 1963.

professional services in a negligent manner with respect to their responsibilities to the Authority.

## I

As to the Associates, there are no allegations in the complaint which indicate any privity of contract between the Authority and the Associates. All that is stated is that the Associates are believed to be ''a successor to a portion *of the business*'' (emphasis added) of FG&F and that they presently serve as engineers for the *township*. Thus, the allegation that they breached an obligation under the 1963 contract is insufficient to impose liability because there is no allegation that they assumed any responsibilities thereunder. There is, in fact, no allegation that the Associates performed any work on the sanitary sewerage system. The allegation that the Associates are a successor to a portion of the business of FG&F is not sufficient to establish a duty owed by them to the Authority. There is, therefore, no cause of action in Trespass stated against the Associates.

## II

As to the individuals, Gauker and Fridy, there is no basis to impose contractual liability with respect to the 1963 contract unless, notwithstanding the corporate entity of FG&F, personal liability can be imposed. The Authority alleges that Gauker and Fridy were the ''directing heads and employees'' of FG&F in responsible charge of the work which is the subject of the suit. Citing Section 6 of the Professional Engineers Law (Law), Act of May 23, 1945, P.L. 913, 63 P.S. §153,[3] they argue, but offer no authority to support

---

[3] Section 6 of the Law provides:

The practice of engineering and of surveying being the function of an individual or of individuals working in concerted effort, it shall be unlawful for any firm or corporation to engage in such practice, or to offer to practice, or to assume use or advertise any title or description convey-

their contention, that the language of Section 6 makes individual engineers responsible for their actions and that their individual liability cannot be limited by the act of incorporating.

We do not so interpret the Law. Rather, we view the statutory language as one requiring the principals of engineering corporations to be licensed engineers. There is no language in the Law comparable to that found in Section 17 of the ''Professional Association Act,'' Act of August 7, 1961, P.L. 941, 15 P.S. §12617, which expressly preserves the individual liability of those who are the principals incorporated under the provisions of the Professional Association Act. Further, it is noteworthy that engineers are not mentioned as an occupation included in the definition of ''profession'' in Section 2 of that Act. 15 P.S. §12602.

Finding nothing in the Law which would prohibit such action, we conclude that professional civil engineers may incorporate and that the resulting corporation has all of the attributes of any other business corporation including limited liability for its principals. Accordingly, we also conclude that the individuals, Fridy and Gauker, have no contractual liability to the Authority under the contract of 1963.

### III

The complaint filed by DOT against the Authority is divided into two counts; Count I sounds in Assump-

---

ing the impression that such firm or corporation is engaged in or is offering to practice such profession, unless the directing heads and employees of such firm or corporation in responsible charge of its activities in the practice of such profession are licensed and registered in conformity with the requirements of this act, and whose name and seal shall be stamped on all plans, specifications plates and reports issued by such firm or corporation.

The above section was amended by Section 4 of the Act of December 13, 1979, P.L. 534, 63 P.S. §153.

sit, Count II in Trespass. The Second Amended Complaint of the Authority, however, fails to follow Pa. R.C.P. No. 1020 and is, therefore, not pled in separate counts although causes of action in trespass and assumpsit are apparently meant to be asserted. The Authority's failure to set forth its causes of action in accord with the provisions of Pa. R.C.P. No. 1020 makes it difficult for this Court to determine whether a cause of action in trespass has been stated as to the individuals Fridy and Gauker.

The Second Amended Complaint does allege that Fridy and Gauker performed their services in a negligent manner and does allude to specific standards that were purportedly not met. If proved, these, allegations would establish liability on the part of Fridy and Gauker. We find that the Authority has pled the bare minimum needed to establish a cause of action in trespass. If this were not the Second Amended Complaint, we would be persuaded to order the Authority to file a proper amended complaint. We will not do so here because too much time and energy has already been expended on the pleadings in this matter.

Therefore, we find that the Authority has stated a cause of action in trespass against the individuals Fridy and Gauker. We repeat, however, that Fridy and Gauker are not liable to the Authority on an assumpsit theory of recovery.

The preliminary objections of Fridy and Gauker will be overruled as to the trespass action.

### ORDER

AND Now, this 17th day of December, 1980, the preliminary objection in the nature of a demurrer of Gauker-Fridy Associates is sustained and the second amended complaint of Upper Providence Township Municipal Authority is dismissed as to that additional defendant. The preliminary objections in the nature

of a demurrer of Charles D. Fridy and Robert J. Gauker are sustained as to the cause of action in Assumpsit and are overruled as to the cause of action in Trespass.