596 A.2d 1261

**E. Vinton LONGENECKER, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 14, 1991.

Decided Aug. 22, 1991.

Shawn A. Bozarth, for appellant.

Jill A. Devine, for appellee.

Before DOYLE and SMITH, JJ., and BARBIERI, Senior Judge.

DOYLE, Judge.

E. Vinton Longenecker appeals an order of the Court of Common Pleas of Dauphin County dismissing his appeal of a district justice's determination that he was guilty of eight citations for violations of a municipal ordinance against the Longfield Corporation (Corporation) issued by the City of Harrisburg (City).

In 1979, Longenecker filed for bankruptcy on behalf of the Corporation; at that time, Longenecker was President of the Corporation and its sole shareholder. Larry Frank was appointed trustee in bankruptcy and remained in that position until the bankruptcy was closed in 1987. In 1984, Frank abandoned six parcels of real estate which then reverted to the Corporation.[1] Thereafter, the City filed seven citations against the Corporation for failing to cut weeds and grass on the properties and one citation was issued for failure to clear and secure a building.[2] On March 28, 1990, Longenecker personally was found guilty by a district justice of failing to comply with the citations issued against the Corporation.

Longenecker, then, appealed to the Court of Common Pleas of Dauphin County. The trial court dismissed the appeal concluding that:

> We hold that Mr. Longenecker is liable for the citations issued against the Longfield Corporation, both because of his position in the Corporation, as well as the lack of any alternative individual against whom the plaintiff in this case could proceed. It has long been established that individuals are subject to indictment, in the criminal sphere, for acts done under the guise of a corporation, if

[1] Under Section 554 of the Bankruptcy Code, 11 U.S.C. § 554, a bankruptcy trustee has the power to abandon property in the bankruptcy estate.

[2] The City adopted the "BOCA Codes" through Codified Ordinance 1707; the Corporation was cited under this ordinance. Article 3 of the BOCA Code, ES–301.1, requires that "all exterior property areas and premises shall be maintained in a clean, safe, and sanitary condition free from accumulation of rubbish or garbage." Violation of the ordinance is a summary criminal offense.

an individual personally so dominates and controls a corporation as to immediately direct its action. In the case at bar, there is no one else involved with Longfield.... If "control and domination" are the standard used to justify the piercing of the corporate veil (and they are), the defendant [Longenecker] is in the position of the lone person left aboard an otherwise deserted ship. Under such circumstances, it makes little difference if the sole occupant of the vessel is a rear admiral or a cabin boy; the mere fact of his solitude makes him the one who dominates and controls the vessel. (Citations omitted.)

This appeal followed.

Longenecker contends that (1) the City should have cited the Corporation instead of him personally because the Corporation has title to the properties in question, and (2) he is not a corporate officer who can be held liable for the maintenance of the cited properties. We construe Longenecker's issues as a challenge to the trial court's decision to pierce the corporate veil and hold Longenecker personally liable for the citations.

■■■ The accepted rule in Pennsylvania is that a corporation shall be regarded as an independent entity even if its stock is owned entirely by one person. *College Watercolor Group, Inc. v. William H. Newbauer, Inc.,* 468 Pa. 103, 360 A.2d 200 (1976). Under Pennsylvania law there is a strong presumption against piercing the corporate veil. *Wedner Unemployment Compensation Case,* 449 Pa. 460, 296 A.2d 792 (1972). There are, however, circumstances which will permit a court to disregard the corporate entity and hold individuals associated with a corporation personally liable for a wrong. Factors which may justify piercing the corporate veil include undercapitalization, failure to adhere to corporate formalities, substantial intermingling of corporate and personal affairs, and use of the corporate form to perpetrate a fraud. *Kaites v. Department of Environmental Resources,* 108 Pa.Commonwealth Ct. 267, 529 A.2d 1148 (1987).

The trial court and the City cite to a line of cases which hold that if an individual so dominates and controls a corporation as to immediately direct its action, the individual may be indicted. The cases where an action was permitted to be brought against the officer individually all involve situations where the individual set up a straw corporation to avoid tax consequences or where the officer converted corporate property. The trial court has not found such positive acts in this case. To the contrary, we believe that this case is more analogous to *Kaites*.

In *Kaites*, the president and chief executive officer of a corporation appealed an order of the Environmental Hearing Board holding him personally liable for failing to comply with an abatement and suspension order of the Department of Environmental Resources requiring his corporation to halt acid mine discharge.[3] We reversed the Environmental Hearing Board's decision on the ground that there were no facts of record which would support disregarding the corporate form. This Court also reversed on the ground that a corporate officer could not be held individually liable under the Clean Streams Law or the Coal Refuse Disposal Control Act for failing to abate a public nuisance unless there is evidence on the record showing the nuisance was caused by the intentional neglect or misconduct of the officer. *Id.*

In *Kaites* Judge MacPhail wrote:

Thus, if individual liability is to be imposed on Petitioner, it must be by analogizing the tort law 'participation' theory of liability applied by the Board. As a general rule, corporate officers are individually liable for their own tortious actions. In Pennsylvania, the participation theory imposes liability "on the individual as an actor

3. This action was brought under The Clean Streams Law, Act of June 22, 1937, P.L.1987, *as amended,* 35 P.S. §§ 691.1—691.1001, and the Coal Refuse Disposal Control Act, Act of September 24, 1968, P.L. 1040, *as amended,* 52 P.S. §§ 30.51—30.206. Section 602 of The Clean Streams Law, 35 P.S. § 691.602, states that a violation of the Act is a summary criminal offense; Section 12 of Coal Refuse Disposal Control Act, 52 P.S. § 30.62, also states that a violation of the Act is a summary criminal offense.

rather than as an owner. Such liability is not predicated on a finding that the corporation is a sham and a mere alter ego of the individual corporate officer. Instead, liability attaches where the record establishes the individual's participation in the tortious activity." Thus, in order for liability to attach the officer must actually participate in wrongful acts. He may be held liable for misfeasance but not for *simple* nonfeasance. (citations omitted; emphasis in the original.)

*Id.*, 108 Pa.Commonwealth Ct. at 273–74, 529 A.2d at 1151.

▪ Judge MacPhail also took the time to contrast Pennsylvania's position, that mere nonfeasance is insufficient to hold a corporate officer liable for the corporation's action, with federal law recognizing liability for a corporate officer's nonfeasance in situations where a high public interest is at stake. *See, e.g., United States v. Park*, 421 U.S. 658, 95 S.Ct. 1903, 44 L.Ed.2d 489 (1975). In doing so, he recognized that the environmental laws at issue in *Kaites* also concerned high public interest. He indicated, however, that we are bound by Pennsylvania case law. The instant case, like *Kaites*, involves an act of nonfeasance at most and in addition the public interest in a trimmed lawn is certainly no greater than in clean streams or soil.

Based on *Kaites*, we hold that the trial court erred as a matter of law in finding Longenecker individually liable for the citations.

▪ The City argued before the trial court and argues here that Longenecker should be held personally liable for the citations because he is the only officer of the Corporation and its sole shareholder and because Longenecker is authorized to make withdrawals from corporate bank accounts and had received some compensation from the Corporation. Our review of the record, however, reveals nothing which would justify a holding which departs from the *Kaites* doctrine. It is irrelevant that Longenecker is the only stockholder of the Corporation, since a corporation is an independent entity even if its stock is completely owned

by one person. *College Watercolor Group.* Also the fact that Longenecker is the only officer of the Corporation, by itself, does not make him liable for the citations, as liability may not be imposed on a corporate officer simply by virtue of his managerial position. *Kaites.* Further, the power to access corporate bank accounts and the receipt of compensation for services are incidents of corporate office, and are not a basis for piercing the corporate veil.

Because there is no evidence that Longenecker intentionally neglected the properties in question or acted in any other way so as to bring him within the exceptions recognized in *Kaites,* the order of the trial court must be reversed.

## ORDER

NOW, August 22, 1991, the order of the Court of Common Pleas of Dauphin County in the above-captioned matter is hereby reversed.