**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANS- PORTATION, Appellant,**

v.

**WILKINSBURG PENN JOINT WATER AUTHORITY.**

Commonwealth Court of Pennsylvania.

Argued Dec. 9, 1998.

Decided Nov. 5, 1999.

Steven I. Roth, Harrisburg, for appellant.

Steven B. Larchuk, Wexford, for appellee.

Before COLINS, President Judge, and DOYLE, J., McGINLEY, J., SMITH, J., PELLEGRINI, J., KELLEY, J. and FLAHERTY, J.

FLAHERTY, Judge.

The Commonwealth of Pennsylvania, Department of Transportation (DOT) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) which granted the preliminary objections in the nature of a demurrer filed by the Wilkinsburg Penn Joint Water Authority (WPJWA) and dismissed DOT's complaint with prejudice. We reverse and remand.

On November 21, 1990, a landslide closed part of State Route (S.R.) 2110 which is located in Churchill Borough.[1]

The WPJWA owns and operates at least one water line running parallel to S.R. 2110 at the point of the landslide. WPJWA also owns and operates a reservoir within 1000 feet of the landslide. DOT believed that the landslide was caused by water leaking from WPJWA's facilities. DOT took a soil sample from the area of the landslide which revealed that the water which had saturated the landslide area was fluoridated. This confirmed that the water had leaked from the WPJWA facilities. DOT incurred $73,-691.96 in costs as a result of the landslide. DOT sought to have WPJWA pay these costs but WPJWA refused. To DOT's knowledge, WPJWA's facilities are still leaking. Thus, DOT instituted a complaint in equity demanding payment of damages and requesting injunctive relief compelling WPJWA to take all remedial steps necessary to prevent the leakage of water from its facilities.

To that complaint, WPJWA filed preliminary objections in the nature of a demurrer. In those preliminary objections, WPJWA argued that DOT could not request money damages in an action in equity. As a second ground for dismissing the complaint, WPJWA argued that "the Commonwealth does not have standing to sue one of its subdivisions based on the legal premise that the Commonwealth cannot sue itself nor take a position contrary to itself under the law." WPJWA's preliminary objections at para. 7. The trial court granted the demurrer on both grounds. The trial court found that DOT had improperly brought a suit in equity seeking money damages. The trial court also concluded that DOT "lacks standing to sue it's own political subdivision." Trial court slip opinion at p. 2. The trial court dismissed the complaint with prejudice. DOT appealed this order.

On June 8, 1998, this court heard argument on the appeal. Thereafter, on October 7, 1998, this court issued an order

---

1. The facts are taken from the complaint. In deciding a demurrer, every well-pleaded fact in the complaint is accepted as true. *Gekas v. Shapp*, 469 Pa. 1, 364 A.2d 691 (1976).

directing that this case be listed for argument before the court en banc and that the parties brief the issues of whether WPJWA is "an instrumentality of the Commonwealth" and whether one instrumentality may sue another for money damages.

◼ Appellate review over an order granting preliminary objections in the nature of a demurrer is limited to determining whether the trial court abused its discretion or committed an error of law. *Larry Pitt & Assoc. v. Long*, 716 A.2d 695 (Pa.Cmwlth.1998). In conducting such review, we note that a demurrer admits every well-pleaded material fact set forth in the complaint as well as all inferences reasonably deducible therefrom. *Gekas v. Shapp*. In order to sustain a demurrer, it is essential that the plaintiff's complaint demonstrate on its face that the claim cannot be sustained, and the law will not permit recovery. *Id.* Any doubt should be resolved in favor of overruling the demurrer. *Id.*

◼ The first question to be addressed is whether WPJWA is an "instrumentality of the Commonwealth." It is necessary to address this question because of WPJWA's argument which was accepted by the trial court that DOT cannot sue WPJWA due to the asserted fact that WPJWA is an instrumentality of the Commonwealth ·as is DOT and there is a prohibition to a party suing itself. Both parties argue that WPJWA is an "instrumentality of the Commonwealth." *See* DOT's supplemental brief at pp. 11–13; WPJWA's supplemental brief at pp. 2–4. · For the following reasons, we agree that WPJWA constitutes an "instrumentality of the Commonwealth."

WPJWA is a joint municipal authority created pursuant to the Municipality Authorities Act of 1945, Act of May 2, 1945, P.L. 382, *as amended,* 53 P.S. §§ 301–322. As a "municipality authority," the WPJWA is a "body corporate and politic created pursuant to ... the Municipality Authorities Act of 1945." 1 Pa.C.S. § 1991. Our Supreme Court stated long ago that "[i]t has consistently been held in cases in point, both under the Municipality Authorities Act of 1935 and 1945 and under other legislation involving authorities that an authority is not the creature, agent or representative of the municipality organizing it." *In re Municipal Authority of Township of Upper St. Clair*, 408 Pa. 464, 467, 184 A.2d 695, 697 (1962). Rather, municipality authorities, such as WPJWA, are creatures and agents of the Commonwealth. *Id.* at 470, 184 A.2d at 698 ("[k]eeping clearly in mind the fundamental nature of an Authority as a corporate agency of the state, and not the child of the municipality...."). More recently, this court, applying these principles in *London Grove Township v. Southeastern Chester County Refuse Authority,* 102 Pa.Cmwlth. 9, 517 A.2d 1002, 1004 (1986), *appeal granted,* 515 Pa. 589, 527 A.2d 548 (1987), *appeal dismissed as improvidently granted,* 517 Pa. 311, 535 A.2d 1052 (1988) stated:

[t]he term "instrumentality of the Commonwealth" is nowhere defined in ... the Statutory Construction Act of 1972, or Section 102 of the Judicial ·Code. Therefore, we must interpret the phrase "instrumentality of the Commonwealth" according to its common and approved usage as required by Section 1903 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903. The definition of "instrumentality" contained in ·Webster's Third New International Dictionary is "1: The quality of being instrumental; 2: something by which an end is achieved; means, b. . something that serves as an intermediary or agent through which one or more functions of a controlling force is carried out...."

Municipal authorities have consistently been held by our Supreme Court to be independent agencies *of the Commonwealth* and part of its sovereignty; they are *not* creatures, agents or representatives *of the municipalities* which organize them.... Municipal authorities, like any other municipal corpora-

tion, are agents of the state, invested with certain subordinate governmental functions for reasons of convenience and public policy. They are created, governed, and the extent of their powers determined, by the legislature. They are also subject to change, repeal or total abolition at the will of the legislature.... In addition, municipal authorities have long been considered agents of the Commonwealth, assisting the state in the administration of civil government. Thus, under a long line of precedent, municipal authorities fall within the meaning of the term "instrumentality of the Commonwealth" because they are agents of the state.

(citations and footnotes omitted). While *London Grove* concerned whether the municipality authority therein was an "instrumentality of the Commonwealth" within the meaning of Section 702 of the Second Class Township Code, Act of May 1, 1933, P.L. 103, *added by* Section 1 of the Act of August 27, 1963, P.L. 1280, *as amended,* 53 P.S. § 65762, nevertheless, we find the reasoning therein equally applicable to the question presented herein. Namely, whether for purposes of deciding the question of DOT's ability to sue WPJWA, is WPJWA an "instrumentality of the Commonwealth." Having decided that WPJWA is an agent of the state and therefore an "instrumentality of the Commonwealth," we are now confronted with the question of whether DOT, admittedly an instrumentality of the Commonwealth, can initiate a suit for money damages against WPJWA, another instrumentality of the Commonwealth.

WPJWA notes that

Pennsylvania courts have held that there are circumstances where one political subdivision can sue another. The right to do so has been found to exist where contractual obligations, contribution or indemnification claims were at issue.

A county may maintain an action for contribution against another county where the first county had paid a judgment for injuries resulting for the breaking of a bridge that was maintained and kept in repair at the joint and equal charge of both counties. *Armstrong County v. Clarion County,* 66 Pa. 218 (1870). Additionally, in *West View v. North Hills Sch. Dist.,* 274 Pa.Super. 519, 418 A.2d 527 (1980), the Court recognized that a borough could sue a school district for indemnification where a citizen was injured due to negligent maintenance by the school district of its sidewalk within the borough. *See also, Pastore v. State Sys. of Higher Educ.,* 152 Pa.Cmwlth. 111, 618 A.2d 1118 (1992).

WPJWA's brief at p. 4. Nevertheless, WPJWA asserts that as an instrumentality of the Commonwealth, it cannot be sued by DOT, another instrumentality of the Commonwealth, because essentially WPJWA and DOT are the same entity and "[i]t is axiomatic that a party cannot sue itself...." WPJWA's brief at p. 3. While acknowledging that Pennsylvania courts have permitted suits between instrumentalities or agencies of the state, WPJWA asserts that the right to do so has been found only in the limited circumstances where there was a contract between the two state instrumentalities or agencies or where one instrumentality was seeking contribution or indemnification from another instrumentality. The trial court apparently accepted the argument that an instrumentality of the Commonwealth can sue a political subdivision only in contribution or indemnity situations. See trial court slip opinion at p. 2.

■ In response, DOT argues [a]s the trial court noted, Pennsylvania courts have allowed a government plaintiff to recover money damages from a government defendant on a contribution or indemnity theory. *See Armstrong County v. Clarion County,* 66 Pa. 218 (1870). Contrary to the trial court's conclusion, however, it does not follow that a Commonwealth agency can *only*

sue a municipal authority for contribution or indemnity.... There is no logical or public policy reason to hold that government plaintiffs are prohibited from pursuing other types of claims against government defendants.

DOT's brief at pp. 11–12. We agree with DOT.

WPJWA's argument that a party cannot sue itself proves too much. While it makes no sense to permit a party to sue itself, it also makes no sense to permit a party to seek contribution or indemnity from itself. Nor does it make any sense for a party to enter into a contract with itself. As the cases clearly permit one instrumentality of the Commonwealth to seek contribution or indemnity from another instrumentality of the Commonwealth, it follows that the instrumentalities of the Commonwealth in these cases are not and indeed cannot be the same party. *See, e.g., Armstrong County v. Clarion County, West View v. North Hills School District, Pastore v. State System of Higher Education, Department of Transportation v. Upper Providence Municipal Authority,* 55 Pa.Cmwlth. 398, 423 A.2d 769 (1980)(DOT sued a municipality authority in contract and in tort). Accordingly, we reject WPJWA's assertion that DOT cannot sue WPJWA due to the fact that both parties are instrumentalities of the Commonwealth and thus constitute the same party. Merely because they are both instrumentalities of the Commonwealth, it does not follow that they constitute the same party.[2]

■ Nor do we find WPJWA's public policy argument persuasive. WPJWA asserts that the "cost of judgment will be borne by one of the constituencies' taxpayers. Our courts would then be called upon to allocate that burden. It is submitted that these decisions are political in nature

and should remain in the political forum." WPJWA's brief at p. 9. Our courts have in the past been called upon to decide which of two constituencies will bear the costs of judgment. *See, e.g., Armstrong County v. Clarion County, West View v. North Hills School District, Pastore v. State System of Higher Education, Department of Transportation v. Upper Providence Municipal Authority.* We note that in the present case, $73,691.96 in costs have been incurred by DOT as a result of water leaking from a facility whose rates are determined exclusively by the local authority's board and which services exclusively the taxpayers within the WPJWA's geographical territory. When a liability is incurred from the use of such water service, the responsibility for paying for the damage caused and making repairs to prevent future leaking, must rest upon the local authority to the extent permitted by the law. Otherwise, the incentive is reduced for local authorities to raise rates when necessary to properly maintain and repair their facilities so as to prevent damage to nearby property owners including property owned by other instrumentalities of the state. We reject the unsupported contention that such a question is political to be decided by the political branches.

■ Lastly, the trial court also sustained WPJWA's preliminary objections based on the contention that "the Complaint sounds on the law side for money damages and not on the equity side." WPJWA's preliminary objections at para. 6. We note however that even accepting this contention as true, such would not justify the trial court's dismissal of the complaint. *See* Pa. R.C.P. No. 1509(c) ("[t]he objection of the existence of a full, complete and adequate non-statutory remedy at law shall be raised by preliminary objection. If the objection is sustained, the court shall certify the action to the law

---

2. Moreover, although not raised by the parties, we note that to the extent that DOT is identified with the Commonwealth, because WPJWA is an agent of the Commonwealth, the doctrine that a principal may sue an agent

for negligent performance of its duties would also serve to permit the present proceedings. *See, Plasterer v. Paine,* 375 Pa.Super. 407, 544 A.2d 985 (1988)(a principal may sue its agent for dereliction of duty).

side of the court.") Moreover, we note that it is not clear to this court that the mere request for monetary damages transforms an otherwise valid request for equitable relief into an action at law where the monetary damages are incidental to and intertwined with the equitable relief. *See, e.g., Wertz v. Chapman Township,* 709 A.2d 428, 432 (Pa.Cmwlth.1998), *allocatur granted,* 556 Pa. 682, 727 A.2d 134 (1998) ("A monetary award of damages 'incidental to or intertwined with injunctive relief' may be equitable.... This rule of law that a court of equity has the power to decree damages incident to its equitable decree is firmly embedded in the jurisprudence of this Commonwealth.") (citations omitted). Because the trial court dismissed the complaint and we find the dismissal constitutes error sufficient to warrant reversal and because it did not transfer the case to the law side, we do not reach the issue of whether the trial court would have erred if it had transferred the case to the law side of the court.

Accordingly, we reverse the order of the trial court granting WPJWA a demurrer and dismissing the complaint with prejudice. We reinstate the complaint and remand this case for further proceedings consistent with this opinion.

## ORDER

AND NOW, this 5th day of November, 1999, the order of the Court of Common Pleas of Allegheny County, filed August 28, 1997 and docketed at G.D. 97–7109, is hereby reversed. The complaint is reinstated and the case is remanded. Jurisdiction is relinquished.

Dissenting opinion by Judge KELLEY, joined by Judge SMITH.

KELLEY, Judge, dissenting.

I respectfully dissent.

DOT initiated the instant action in equity seeking both injunctive relief and monetary damages. In particular, the injunctive relief sought by DOT was an order compelling the WPJWA to take remedial steps to prevent the leakage of water from the facilities owned and operated by the WPJWA. The monetary damages sought by DOT totaled $73,691.96, the amount DOT expended as a result of the landslide. However, as to DOT's claim for injunctive relief, it is clear that DOT has an adequate statutory remedy to obtain the requested relief.

Pursuant to sections 1901–A(7) and 1918–A(1) of the Administrative Code of 1929 [1] and section 5 of the Pennsylvania Safe Drinking Water Act (Act) [2], the Pennsylvania Department of Environmental Protection (DEP) is empowered with the duty to adopt and implement a safe public water supply program in this Commonwealth. Under DEP's regulations [3] at 25 Pa.Code § 109.4(3), a "public water supplier" [4] is required to "[p]rovide and effectively operate and maintain public water system facilities [5]." Moreover, sections 5

1. Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §§ 510–1(7), 510–18(1).

2. Act of May 1, 1984, P.L. 206, *as amended,* 35 P.S. § 721.5.

3. Pursuant to section 1920–A of the Administrative Code of 1929, 71 P.S. § 510–20, and section 4 of the Act, 35 P.S. § 721.4, the Pennsylvania Environmental Quality Board is empowered to adopt such rules and regulations of DEP, governing the provision of drinking water to the public, as it deems necessary to implement the provisions of the Act.

4. The regulations define a "public water supplier" as "[a] person who owns or operates a public water system." 25 Pa.Code § 109.1. In turn, the regulations define "person" as, *inter alia,* a "municipal authority", and define "public water system" as "[a] system which provides water to the public for human consumption which has at least 15 service connections or regularly serves an average of at least 25 individuals daily at least 60 days out of the year. The term includes collection, storage and distribution facilities under control of the operator of the system and used in connection with the system..." *Id.*

5. The regulations further define "facility" as "[a] part of a public water system used for collection, treatment, storage or distribution of drinking water." 25 Pa.Code § 109.1.

and 13 of the Act[6,7] specifically empower DEP to compel compliance with the provisions of the Act and the regulations promulgated thereunder.

Thus, DOT has an adequate administrative remedy under the Act and the regulations to compel the WPJWA to take remedial steps to prevent the leakage of water from its facilities. Likewise, DOT could initiate an action at law to recover the monetary damages it incurred from the landslide. It is well settled that a court of equity will not invoke its jurisdiction where there is an adequate remedy at law and statutory remedies, if adequate, must be exhausted before equitable jurisdiction can be resorted to. *Clark v. Pennsylvania State Police,* 496 Pa. 310, 436 A.2d 1383 (1981); *Pennsylvania Life Insurance Co. v. Pennsylvania National Life Insurance Co.,* 417 Pa. 168, 208 A.2d 780 (1965). As a result, I believe that the trial court did not err in granting the preliminary objections

6. Section 5(c) of the Act provides, in pertinent part:

> **(c) Department to enforce drinking water standards.**—The [DEP] shall have the power and its duties shall be to issue such orders and initiate such proceedings as may be necessary and appropriate for the enforcement of drinking water standards, any other provision of law notwithstanding. These actions shall include, but are not limited to, the following:
> (1) To institute in a court of competent jurisdiction, proceedings against any person to compel compliance with the provisions of this act, or the drinking water standards or conditions of permits issued hereunder.
> (2) To initiate criminal prosecutions, including issuance of summary citations by agents of the [DEP].
> (3) To do any and all things and actions not inconsistent with any provision of this act for the effective enforcement of this act, rules and regulations or permits issued hereunder.

7. Section 13 of the Act provides, in pertinent part:

> **(a) Duty to comply with orders of the department.**—It shall be the duty of any person to proceed diligently to comply with any order issued pursuant to section 5. If such person fails to proceed diligently or fails to comply with the order within such time, if any, as may be specified, the person shall be guilty of contempt and shall be punished by the court in an appropriate manner and for this purpose, application may be made by the [DEP] to the Commonwealth Court, which court is hereby granted jurisdiction.
> **(b) Civil action to compel compliance.**—Any person having and interest which is or may be adversely affected may commence a civil action on his own behalf to compel compliance with this act or any rule, regulation, order or permit issued pursuant to this act:
> (1) against the [DEP] where there is alleged a failure of the [DEP] to perform any act which is not discretionary with the [DEP]. Jurisdiction for such actions is in Commonwealth Court; or
> (2) against any other person alleged to be in violation of any provision of this act or any rule, regulation, order or permit issued pursuant to this act. Any other provision of law to the contrary notwithstanding, the courts of common pleas shall have jurisdiction of such actions and venue in such actions shall be as set forth in the Rules of Civil Procedure concerning actions in assumpsit.
>
> * * *
>
> **(g) Civil penalties.**—In addition to proceeding under any other remedy available at law or in equity for a violation of any provision of this act, any rule or regulation of the [DEP] or order of the [DEP] or any term or condition of any permit issued by the [DEP], the [DEP] may assess a civil penalty upon a person for such violation. Such a penalty may be assessed whether or not the violation was willful or negligent. When the [DEP] assesses a civil penalty, it shall inform the person of the amount of the penalty. The person charged with the penalty shall then have 30 days to pay the penalty in full or, if the person wishes to contest either the amount of the penalty or the fact of the violation, the person shall within the 30–day period, file an appeal of the action with the Environmental Hearing Board. Failure to appeal with 30 days shall result in a waiver of all legal rights to contest the violation or the amount of the penalty...
> **(h) Penalties to be concurrent.**—The penalties and remedies prescribed by this act shall be deemed concurrent and the existence of or exercise of any remedy shall not prevent the [DEP] from exercising any other remedy hereunder, at law or in equity...

35 P.S. § 721.13(a), (b), (g), (h).

in the nature of a demurrer filed by the WPJWA. Accordingly, I would affirm the trial court's order dismissing DOT's complaint with prejudice.

Judge SMITH joins in this dissenting opinion.