## School District of Scranton v. Fowler

C.P. of Lackawanna County, no. 98-CV-6134.

*Paul A. Kelly* for plaintiffs.
*Brian J. Cali*, for defendants.

MINORA, *J.,* April 17, 2000—Presently before the court are the defendants' preliminary objections to the plaintiffs' amended complaint. At issue is whether the defendant, Norman Fowler, has operated his business such that he is personally liable for its taxes. Oral arguments were heard on February 23, 2000 and both parties have submitted their respective briefs, making the matter ripe for disposition. Based upon their briefs and oral arguments, and for reasons discussed below, the defendants' preliminary objections are overruled.

## FACTUAL HISTORY

On December 16, 1998, the School District of Scranton and the City of Scranton filed a complaint alleging that Norman Fowler and Fowler Floor and Wall Covering were liable for unpaid business privilege and/or mercantile taxes. The defendants subsequently filed preliminary objections to the plaintiffs' complaint asserting, inter alia, the plaintiffs inappropriately identified Mr. Fowler as jointly liable for the taxes owed by Fowler Floor and Wall Covering. On May 26, 1999, Judge Cottone of the Lackawanna County Court of Common Pleas sustained the preliminary objections and granted the plaintiffs 30 days to amend. On June 29, 1999, the plaintiffs filed an amended complaint which again named Norman Fowler as jointly liable for the taxes owed by Fowler Floor and

Wall Covering. The defendants have renewed their preliminary objections to this.

## DISCUSSION

Initially, it must be pointed out that this memorandum concerns the disposition of preliminary objections in the nature of a demurrer. A demurrer under the Pennsylvania Rules of Civil Procedure is a preliminary objection, asserting the legal insufficiency of the pleading. Pa.R.C.P. 1028(a)(4) (1999). A demurrer challenges the legal sufficiency of a complaint by alleging its failure to set forth a cause of action upon which the court can grant relief under any theory of law. *PennDOT v. Wilkinsburg Penn Joint Water Authority,* 740 A.2d 322, 324 (Pa. Commw. 1999). The test of a demurrer is whether the facts averred in a pleading, if true, are legally sufficient to state a cause of action for which relief may be granted. *Id.*

There are two issues before the court. The first issue is whether the plaintiffs' amended complaint sufficiently alleges a failure to adhere to corporate legal formalities, thus allowing the court to "pierce the corporate veil" and hold Mr. Fowler personally liable for any unpaid corporate taxes. The second issue is whether the plaintiffs have pled sufficient facts to hold Mr. Fowler liable under a participation theory.

## I. *Piercing the Corporate Veil*

Pennsylvania law does not favor the remedy of piercing the corporate veil. As such, there is a strong legal presumption against it. *Miners Inc. v. Alpine Equipment Corp.,* 722 A.2d 691, 694 (Pa. Super. 1998), citing *Lumax Industries Inc. v. Aultman,* 543 Pa. 38, 41-43, 669 A.2d 893, 895 (1995). The court must start from the general

proposition that the corporate entity should be recognized unless specific and unusual circumstances call for an exception. *Id.* The reason behind this policy is to maintain the theoretical integrity of the corporate entity. *Miners, supra* at 694, citing *Zubik v. Zubik,* 384 F.2d 267, 273 (3d Cir. 1967).

The plaintiffs argue that the corporate veil should be pierced because the corporation has failed to follow corporate formalities specifically by failing to keep a ledger, a corporate stock book, minutes of meetings, and commingling funds. Plaintiffs' brief, p. 3. Disregarding corporate formalities is a legitimate reason for piercing the corporate veil in Pennsylvania. *Longenecker v. Commonwealth of Pennsylvania,* 142 Pa. Commw. 130, 133, 596 A.2d 1261, 1262 (1991), citing *Kaites v. Commonwealth of Pennsylvania, Department of Environmental Resources,* 108 Pa. Commw. 267, 273-74, 529 A.2d 1148, 1151 (1987). To counter this allegation, Norman Fowler merely denies that the corporation has failed to adhere to the corporate formalities. Defendants' brief, p. 6. Because the plaintiffs' claim (when accepted as true for the purposes of a demurrer) presents a legally sufficient claim as to this issue, the court must overrule the defendants' preliminary objection.

## II. *Participation Theory*

The plaintiffs also argue that Norman Fowler is liable under a participation theory. In Pennsylvania, the participation theory does not impose liability predicated on a finding that the corporation is an alter ego[1] of an indi-

---

1. The "alter ego" theory is applicable only where an individual or corporate owner controls the corporation to be pierced and the controlling owner is to be held liable. *Miners, supra* at 695. A court will

vidual corporate officer. Rather, under this theory, liability attaches where the record establishes the individual's participation in tortious activity. *Kaites, supra* at 273, 529 A.2d at 1151, citing *Wicks v. Milzoco Builders Inc.,* 503 Pa. 614, 470 A.2d 86 (1983). However, although the individual may be held liable for misfeasance, he may not be held liable for simple nonfeasance. *Kaites, supra* at 274, 529 A.2d at 1151. In support of their contention, the plaintiffs assert that Mr. Fowler, through his position as corporate officer, failed to file the corporation's business privilege and/or mercantile taxes despite being notified that the taxes were owed. Plaintiffs' brief, p. 5. The question which now presents itself is whether the nonpayment of the corporation's taxes amounts to something more than simple nonfeasance.

The Superior Court has relied on the following distinction between misfeasance and nonfeasance:

"[N]egligence might consist not only of 'nonfeasance, that is, omitting to do, or not doing, something which ought to be done, which a reasonable and prudent man would do,' but also of 'a misfeasance, that is, the doing of something which ought not be done, something which a reasonable man would not do, or doing it in such a manner as a man of reasonable and ordinary prudence would not do it, in either case leading to mischief or injury.' " *Brindley v. Woodland Village Restaurant Inc.,*

---

pierce the corporate veil on an alter ego theory when there is a showing of injustice after the establishment that corporate owner wholly ignored the separate status of a corporation and so dominated and controlled its affairs that its separate existence was a mere sham. *Lycoming County Nursing Home Association Inc. v. Commonwealth, Department of Labor and Industry, Prevailing Wage Appeal Board,* 156 Pa. Commw. 280, 290, 627 A.2d 238, 243 (1993).

438 Pa. Super. 385, 394, 652 A.2d 865, 869 (1995), citing *Nelson v. Duquesne Light Co.,* 338 Pa. 37, 44, 12 A.2d 299, 303 (1940).

Instantly, the plaintiffs have asserted that Mr. Fowler, despite being notified of his failure to file the corporation's returns and pay its taxes, has continued to refuse to do so. Plaintiffs' brief, p. 5. If this is accepted as true, then the court has no choice but to overrule the defendants' preliminary objections as to this issue. Certainly, a reasonable corporate officer who is charged with the responsibility of filing the corporation's tax returns would have filed them, and the failure to do so would amount to more than nonfeasance or negligence. It could amount (when accepted as true for the purposes of a demurrer) to a misfeasance. As such, the plaintiffs have pleaded their complaint with adequate legal sufficiency, and the defendants' preliminary objection as to the participation theory is likewise overruled.

An appropriate order will follow.

## ORDER

And now, to wit, April 17, 2000, it is hereby ordered and decreed that the defendants' preliminary objections to the plaintiffs' amended complaint are overruled. The defendant is further ordered to file his answer and new matter within 20 days of the date of this order.