**Cleveland v. Remick**

C.P. of Lackawanna County, no. 00-CV-629.

*Michael R. Goffer,* for plaintiff.
*Fred B. Buck* and *Michael P. Gould,* for defendants.

MINORA, *J.,* October 4, 2000—Presently before the court are the defendants' preliminary objections to the plaintiff's complaint. At issue is whether the factual allegations in the plaintiff's complaint state a claim for relief against the defendants. Oral arguments were heard on September 6, 2000, and both parties have submitted their respective briefs, making the matter ripe for disposition. Upon review of the pleadings by the parties, their briefs and oral arguments, and for reasons discussed below, the defendants' preliminary objections are overruled.

## FACTUAL HISTORY

On February 8, 2000, Charles J. Cleveland (plaintiff) instituted a wrongful death and survival action against Gerald W. and Frances Remick (defendants) arising from Matthew Cleveland's death. Matthew Cleveland was the 18-year-old son of the plaintiff, who died on April 4, 1998 as a result of a single gunshot wound to the head. The shot to Matthew Cleveland's head occurred at defendants' residence located at 720 North Main Avenue, Scranton, Pennsylvania.

On April 3, 1998, an unsupervised party took place at defendants' residence in which beer and marijuana were present. During the party, Matthew Cleveland pulled out a gun and the gun discharged, shooting Matthew Cleveland in the head. The nature of that shooting, either negligent or intentional, is unclear in plaintiff's complaint. Plaintiff claims that the defendants were negligent in allowing minors to consume alcohol on their premises and in allowing minors to have dangerous instrumentalities, including firearms, on their premises. Plaintiff is seeking to recover pecuniary loss and expenses incurred as a result of Matthew Cleveland's death. Defendants preliminarily object to the complaint under Pa.R.C.P. 1028(a)(4).

## DISCUSSION

Initially, it must be pointed out that this memorandum concerns the disposition of preliminary objections in the nature of a demurrer. A demurrer under the Pennsylvania Rules of Civil Procedure is a preliminary objection

asserting the legal insufficiency of a pleading. Pa.R.C.P. 1028(a)(4) (1999). A demurrer challenges the legal sufficiency of a complaint by alleging its failure to set forth a cause of action upon which the court can grant relief under any theory of law. *PennDOT v. Wilkinsburg Penn Joint Water Authority*, 740 A.2d 322, 324 (Pa. Commw. 1999). The test of a demurrer is whether the facts averred in a pleading, if true, are legally sufficient to state a cause of action for which relief may be granted. *Id.*

## I. *Defendants' Argument*

Defendants argue that plaintiff's complaint fails to state a claim upon which relief can be granted for two reasons. First, the complaint does not allege the breach of a cognizable legal duty. Second, as a matter of law, the death of Matthew Cleveland by self-inflicted gunshot wound was an unforeseeable consequence of the negligence alleged in the complaint.

Defendants quite correctly submit that to establish a claim for relief in negligence, the pleader must aver the following elements in the complaint: (1) A duty, or obligation, recognized by the law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks. (2) A failure on the person's part to conform to the standard required: a breach of duty. (3) A reasonably close causal connection between the conduct and the resulting injury. (4) Actual loss of damage resulting to the interest of another. *Ney v. Axelrod*, 723 A.2d 719, 721 (Pa. Super. 1999), quoting *Ferry v. Fisher*, 709 A.2d 399, 402 (Pa. Super. 1998).

Social host liability is intended for those persons who knowingly serve or furnish alcohol to minors, thereby breaching the general duty imposed on all persons not to place others at a foreseeable risk of harm. *Alumni Association v. Sullivan,* 369 Pa. Super. 596, 603, 535 A.2d 1095, 1099 (1987). Defendants assert that plaintiff's complaint does not allege that defendants knowingly furnished alcohol to minors on their property, and that Matthew Cleveland's actions resulted from intoxication. Defendants also submit that there is no allegation that defendants were present at the party or knew that Matthew Cleveland had a handgun. Defendants contend that the only claim made against defendants is that they were negligent in permitting an unsupervised party to occur on their property in which alcohol was consumed by minors and this negligence was, in some unspecified way, the cause of Matthew Cleveland's death from a self-inflicted gunshot wound.

Defendants argue that even if the allegations in the complaint allege the existence of a duty, the duty is limited to the risks that are reasonably foreseeable. Duty is predicated on the relationship existing between the parties at the relevant time. *Zanine v. Gallagher,* 345 Pa. Super. 119, 123, 497 A.2d 1332, 1334 (1985), quoting *Morena v. South Hills Health System,* 501 Pa. 634, 642, 462 A.2d 680, 684 (1983). Where the parties are strangers to each other, such a relationship may be inferred from the general duty imposed on all persons not to place others at risk of harm through their actions. *Id.* The scope of the duty is limited to those risks that are reasonably foreseeable by the actor in the circumstances of the case.

*Id.* The law clearly states that a person may be held liable only for those risks a person in his position could reasonably have foreseen. *Id.* Defendants assert that they cannot be held liable for Matthew Cleveland's actions because the discharging of a handgun, whether intentionally or negligently, was not a foreseeable consequence of his attendance at an unsupervised beer party when there is no allegation that the ingestion of alcohol or consumption of marijuana played a causative role in his accident.

## II. *Plaintiff's Argument*

Plaintiff argues that possessors of land owe a duty to protect invitees from foreseeable harm and, in some circumstances, from obvious dangers. A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness. *Jones v. Three Rivers Management Corp.,* 483 Pa. 75, 88, 394 A.2d 546, 552 (1978), quoting Restatement (Second) of Torts, §343A. There are cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee, notwithstanding its known or obvious danger. *Id.* In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. *Id.*

"An invitee must prove either the proprietor of the land had a hand in creating the harmful condition, or he had actual or constructive notice of such condition." *Swift v.*

*Northeastern Hospital of Philadelphia,* 456 Pa. Super. 330, 336, 690 A.2d 719, 722 (1997), citing *Moultrey v. Great Atlantic & Pacific Tea Co.,* 281 Pa. Super. 525, 535, 422 A.2d 593, 598 (1980). Plaintiff contends that defendants not only had actual or constructive knowledge of underage drinking parties, but they also allowed alcohol and drugs to be consumed on their premises. Plaintiff asserts that defendants could reasonably foresee a tragic event occurring at their premises when allowing minors, under the age of 21, to consume alcohol and drugs, and carry a handgun on their premises. The combination of social host liability for allowing the use of alcohol, drugs and a gun without adult supervision, as alleged in plaintiff's complaint, arguably created an unreasonably dangerous condition. This theory, as pled in the plaintiff's complaint, is legally sufficient to state a claim upon which relief could be granted if believed by a jury.

### III. *Conclusion*

Therefore, plaintiff has pleaded his complaint with adequate legal sufficiency. Accordingly, defendants' preliminary objections are overruled.

An appropriate order consistent with this reasoning follows.

### ORDER

And now, October 4, 2000, it is hereby ordered and decreed that the defendants' preliminary objections to the plaintiff's complaint are overruled.